1  ARNOLD & PORTER LLP
   TRENTON H. NORRIS (SBN 164781)
2  trent.norris@aporter.com
   ANGEL A. GARGANTA (SBN 163957)
3  angel.garganta@aporter.com
   90 New Montgomery Street, Suite 600
4  San Francisco, CA  94105
   Telephone:  (415) 356-3000
5  Facsimile:  (415) 356-3099

6  BINGHAM McCUTCHEN LLP
   BRUCE A. FRIEDMAN (SBN 65852)
7  bruce.friedman@bingham.com
   GINA M. SIMAS (SBN 205367)
8  gina.simas@bingham.com
   MARK PIFKO (SBN 228412)
9  mark.pifko@bingham.com
   The Water Garden
10 Fourth Floor, North Tower
   1620 26th Street
11 Santa Monica, CA  90404-4060
   Telephone:  (310) 907-1000
12 Facsimile:  (310) 907-2000

13 Attorneys for Defendant
   THE DANNON COMPANY, INC.
14

15            UNITED STATES DISTRICT COURT

16           CENTRAL DISTRICT OF CALIFORNIA

17                 WESTERN DIVISION

18

19 PATRICIA WIENER, On Behalf of          No. CV08-00415 SJO (AGRx)
   Herself and All Others Similarly Situated
20 and the General Public,
                                          **DEFENDANT THE DANNON**
21            Plaintiff,                   **COMPANY, INC.'S ANSWER**
                                          **TO PATRICIA WIENER'S**
22       v.                                **PUTATIVE CLASS ACTION**
                                          **COMPLAINT**
23 THE DANNON COMPANY, INC.,
                                          DEMAND FOR JURY TRIAL
24            Defendant.

25

26

27

28

A/72500260.1/3007966-0000330878

1        Defendant The Dannon Company, Inc. ("Dannon") hereby admits,

2   denies, or otherwise responds to the Putative Class Action Complaint

3   ("Complaint") of Plaintiff Patricia Weiner ("Plaintiff") as follows:

4

5                       **JURISDICTION AND VENUE**

6        1.     Paragraph 1 of the Complaint contains legal conclusions and, to

7   that extent, does not require an answer.  To the extent an answer is required,

8   Dannon lacks sufficient knowledge or information to form a belief as to the truth

9   of the remaining allegations contained in Paragraph 1 and, on that basis, denies

10  each and every allegation contained in Paragraph 1.

11       2.     Answering Paragraph 2 of the Complaint, Dannon admits that

12  venue is proper in this District.  To the extent that Paragraph 2 of the Complaint

13  contains legal conclusions, it does not require an answer.  Dannon denies all

14  allegations of Paragraph 2 not specifically admitted.

15                      **NATURE OF THE ACTION**

16       3.     Answering Paragraph 3 of the Complaint, Dannon admits that it

17  manufactures, markets and sells products known as Activia, Activia Lite and

18  DanActive (collectively, the "Products").  Dannon admits that in marketing the

19  Products it claims that the Products are clinically and scientifically proven to

20  provide consumers with certain benefits.  Dannon admits that health benefits result

21  from the unique formulation of the Products, including proprietary probiotics.  To

22  the extent that Paragraph 3 contains legal conclusions, it does not require an

23  answer.  Dannon denies all allegations of Paragraph 3 not specifically admitted.

24       4.     Dannon denies generally and specifically all allegations

25  contained in Paragraph 4 of the Complaint.

26       5.     Dannon denies generally and specifically all allegations

27  contained in Paragraph 5 of the Complaint.

28

DEFENDANT THE DANNON COMPANY, INC.'S ANSWER TO
PATRICIA WIENER'S PUTATIVE CLASS ACTION COMPLAINT

6.    Answering Paragraph 6, Dannon admits that it was marketing Activia nationally in the United States in February 2006.  Dannon admits that in advertisements, Dannon states that Activia contains the probiotic "Bifidus Regularis."  Dannon admits that it advertises that Activia is scientifically proven to help with slow intestinal transit when eaten daily for two weeks, as part of a balanced diet and healthy lifestyle.  Dannon denies all allegations of Paragraph 6 not specifically admitted.

7.    Answering Paragraph 7, Dannon admits that in January 2007, Dannon launched DanActive on a nationwide basis in the United States.  Further answering Paragraph 7, Dannon notes that the labels and labeling of DanActive speak for themselves.  Dannon admits that on its label and in its other advertisements, it states that DanActive contains the probiotic L. casei Immunitas.  Dannon further admits that it advertises that DanActive is clinically proven to help strengthen your body's defenses as part of a balanced diet and healthy lifestyle.  Dannon denies all allegations of Paragraph 7 not specifically admitted.

8.    Answering Paragraph 8, Dannon admits that it has marketed the Products in the United States through a variety of media.  Dannon denies all allegations of Paragraph 8 not specifically admitted.

9.    Dannon denies generally and specifically the allegations contained in Paragraph 9 of the Complaint.

10.    Answering Paragraph 10, Dannon admits that the respective nationwide launches of the Products have been successful and that Activia surpassed $100 million in net sales in the U.S. in its first year, a feat less than one-tenth of one percent of new products achieve.  Dannon denies all allegations of Paragraph 10 not specifically admitted.

11.    Dannon denies generally and specifically the allegations contained in Paragraph 11 of the Complaint.

1    12.    Dannon lacks sufficient knowledge or information to form a

2    belief as to the truth of the allegations contained in Paragraph 12 and, on that basis,

3    denies each and every allegation contained in Paragraph 12.

4    **PARTIES**

5    13.    Dannon lacks sufficient knowledge or information to form a

6    belief as to the truth of the allegations contained in Paragraph 13 and, on that basis,

7    denies each and every allegation contained in Paragraph 13.

8    14.    Answering Paragraph 14, Dannon admits that Dannon is

9    incorporated in the state of Delaware and is headquartered in White Plains, New

10    York.   Dannon further admits that it is registered to do business in the State of

11    California, and does business in the State of California.  Dannon admits that it

12    promotes, markets, distributes and sells the Products throughout the United States,

13    including to consumers in California.   Dannon admits that it is a wholly owned

14    subsidiary of the French company, Groupe Danone S.A ("Groupe Danone").

15    Dannon denies all allegations of Paragraph 14 not specifically admitted.

16    **FACTUAL ALLEGATIONS**

17    15.    Dannon admits that on October 19, 2005, Dannon announced

18    the February 2006 release of Activia, "trailblazing a new way to help Americans

19    improve their intestinal rhythm." Dannon further admits that its press release

20    quoted Dannon's senior vice president of marketing as saying, in part, "We're

21    thrilled to introduce the first-of-its-kind probiotic yogurt in the U.S. clinically

22    proven to help regulate your digestive system."  Dannon admits that, in launching

23    DanActive, it stated that DanActive is proven to help strengthen your body's

24    defenses (as part of a balanced diet and healthy lifestyle).  Dannon denies all

25    allegations of Paragraph 15 not specifically admitted.

26    16.    To the extent that the allegations contained in Paragraph 16

27    pertain to third-party statements, Dannon lacks sufficient knowledge or

28    information to form a belief as to the truth of the allegations contained in

Paragraph 16 and, on that basis, denies each and every allegation contained in Paragraph 16 of the Complaint. Dannon denies all allegations of Paragraph 16 not specifically admitted.

       17.    Answering Paragraph 17, Dannon admits that it has stated that, according to the National Yogurt Association, one of the key characteristics of probiotics is that they "must bring health benefits to their host." Dannon denies all allegations of Paragraph 17 not specifically admitted.

**DANNON'S CLAIMS ABOUT ACTVIA**

       18.    Dannon admits that its marketing claims that Activia lowfat yogurt, and Activia Light nonfat yogurt are made with Bifidus Regularis, a natural probiotic culture, and can help regulate your digestive system by helping with slow intestinal transit when enjoyed daily for two weeks as part of a balanced diet and healthy lifestyle. Dannon further admits that its marketing claims that Activia and Activia Light are the only yogurt Products that contain this specific probiotic. Dannon denies all allegations of Paragraph 18 not specifically admitted.

       19.    Dannon admits that "Bifidus Regularis" is Dannon's trademarked name for the probiotic Bifidobacterium animalis DN 173010. Dannon denies all allegations of Paragraph 19 not specifically admitted.

       20.    Dannon denies generally and specifically the allegations contained in Paragraph 20 of the Complaint.

       21.    Answering Paragraph 21, Dannon admits that states that it Activia and Activia Light are suitable for the whole family and can be included as part of a balanced diet. Dannon denies all allegations of Paragraph 21 not specifically admitted.

       22.    Answering Paragraph 22, Dannon notes that the label on each container of Activia speaks for itself. Dannon denies all allegations of Paragraph 22 not specifically admitted.

1      23.    Answering Paragraph 23, Dannon notes that the label on each

2 carton of Activia speaks for itself.  Dannon denies all allegations of Paragraph 23

3 not specifically admitted.

4      24.    Answering Paragraph 24, Dannon notes that the label on each

5 carton of Activia speaks for itself.  Dannon denies all allegations of Paragraph 24

6 not specifically admitted.

7      25.    Answering Paragraph 25, Dannon admits that its website is

8 accessible to the general public and that Dannon's advertisements in other media

9 refer to its website.  Dannon denies all allegations of Paragraph 25 not specifically

10 admitted.

11      26.    Answering Paragraph 26, Dannon admits that it has had a

12 television commercial that states: "Eating Activia everyday is clinically proven to

13 help regulate your digestive system in two weeks" in conjunction with the super

14 "Scientifically proven to help with slow intestinal transit when enjoyed daily for 2

15 weeks as part of a balanced diet and healthy lifestyle."  Dannon denies all

16 allegations of Paragraph 26 not specifically admitted.

17      27.    Answering Paragraph 27, Dannon admits that television

18 commercials for Activia have aired in many markets in the United States since the

19 launch of Activia.  Dannon admits that the first television advertisements began in

20 February 2006 on broadcast networks and on cable channels.  Dannon denies all

21 allegations of Paragraph 27 not specifically admitted.

22      28.    Answering Paragraph 28, Dannon admits that from time to time

23 it has promoted Activia through a money-back guarantee promotion known as the

24 Activia Challenge.  Dannon denies all allegations of Paragraph 28 not specifically

25 admitted.

26      29.    Dannon denies generally and specifically the allegations

27 contained in Paragraph 29 of the Complaint.

28

DEFENDANT THE DANNON COMPANY, INC.'S ANSWER TO
PATRICIA WIENER'S PUTATIVE CLASS ACTION COMPLAINT

1    30.    Dannon denies generally and specifically the allegations

2  contained in Paragraph 30 of the Complaint.

3                **DANNON'S CLAIMS ABOUT DANACTIVE**

4    31.    Answering Paragraph 31, Dannon admits that in January 2007,

5  Dannon launched DanActive nationwide in the United States, a "cultured probiotic

6  dairy drink that has been clinically proven to help naturally strengthen the body's

7  defenses when consumed daily." Dannon admits that its chief marketing officer

8  stated, "We have high hopes that DanActive will be the next blockbuster for us."

9  Dannon denies all allegations of Paragraph 31 not specifically admitted.

10    32.    Answering Paragraph 32, Dannon admits that it conveys that

11  DanActive can provide clinically and scientifically proven health benefits because

12  it contains probiotic cultures. Dannon admits that it has stated that DanActive is

13  "clinically proven to help strengthen your body's defense system" and "has a

14  physiological effect on our body's regular natural defense functions." Dannon also

15  has stated that "It is due to DanActive and its L. casei Immunitas contribution to

16  the intestine's 3 defense levels that our body is more efficient in responding against

17  small daily challenges." Dannon denies all allegations of Paragraph 32 not

18  specifically admitted.

19    33.    Answering Paragraph 33, Dannon admits that "L. casei

20  Immunitas" is Dannon's trademarked name for the probiotic L. casei DN 114001.

21  Dannon denies all allegations of Paragraph 33 not specifically admitted.

22    34.    Dannon denies generally and specifically the allegations

23  contained in Paragraph 34 of the Complaint.

24    35.    Answering Paragraph 35, Dannon admits that its marketing

25  claims that "DanActive is recommended for everybody who wishes to help

26  strengthen his body's defenses: children (3 years and older), adults and seniors,

27  provided it is part of a varied and balanced diet." Dannon denies all allegations of

28  Paragraph 35 not specifically admitted.

36.     Answering Paragraph 36, Dannon notes that the labels and labeling of DanActive speak for themselves.  Dannon denies all allegations of Paragraph 36 not specifically admitted.

37.     Answering Paragraph 37, Dannon notes that the labels and labeling of DanActive speak for themselves.  Dannon denies all allegations of Paragraph 37 not specifically admitted.

38.     Answering Paragraph 38, Dannon notes that the labels and labeling of DanActive speak for themselves.  Dannon denies all allegations of Paragraph 38 not specifically admitted.

39.     Answering Paragraph 39, Dannon admits that its marketing claims that "DanActive is recommended for everybody who wishes to help strengthen his body's defenses:  children (3 years and older), adults and seniors, provided it is part of a varied and balanced diet."  Dannon denies all allegations of Paragraph 39 not specifically admitted.

40.     Answering Paragraph 40, Dannon notes that the television advertisement speaks for itself.  Dannon denies all allegations of Paragraph 40 not specifically admitted.

41.     Answering Paragraph 41, Dannon admits that it conveys in its print and other advertising that DanActive is clinically and scientifically proven to benefit various types of people, including students, seniors, and healthy adults. Dannon denies all allegations of Paragraph 41 not specifically admitted.

42.     Dannon denies generally and specifically the allegations contained in Paragraph 42 of the Complaint.

43.     Dannon denies generally and specifically the allegations contained in Paragraph 43 of the Complaint.

44.     Answering Paragraph 44, Dannon notes that the packaging of DanActive speaks for itself.  Dannon admits that in one of its studies up to 51.2% of the cultures survived in the ileum and 28.4% in faeces.  Dannon denies all

1   allegations of Paragraph 44 not specifically admitted.

2           45.     To the extent that the allegations contained in Paragraph 45

3   pertain to third-party statements, Dannon lacks sufficient knowledge or

4   information to form a belief as to the truth of the allegations contained in

5   Paragraph 45 and, on that basis, denies each and every allegation contained in

6   Paragraph 45 of the Complaint.  Dannon denies all allegations of Paragraph 45 not

7   specifically admitted.

8           46.     Dannon denies generally and specifically the allegations

9   contained in Paragraph 46 of the Complaint.

10          47.     Answering Paragraph 47, Dannon admits that one of its

11  television advertisements states at the top of the screen "25 studies of DanActive

12  and Lactobacillus Immunitas" with "Clinically proven" at the lower right, along

13  with the super noting "13 studies on DanActive, 12 studies on L. casei Immunitas."

14  To the extent that the allegations contained in Paragraph 47 pertain to third-party

15  statements, Dannon lacks sufficient knowledge or information to form a belief as

16  to the truth of the allegations contained in Paragraph 47 and, on that basis, denies

17  each and every allegation contained in Paragraph 47 of the Complaint.  Dannon

18  denies all allegations of Paragraph 47 not specifically admitted.

19          48.     Answering Paragraph 48, Dannon notes that the cited report

20  speaks for itself.  Dannon denies all allegations of Paragraph 48 not specifically

21  admitted.

22          49.     Dannon denies generally and specifically the allegations

23  contained in Paragraph 49 of the Complaint.

24          50.     Dannon denies generally and specifically the allegations

25  contained in Paragraph 50 of the Complaint.

26          51.     Dannon denies generally and specifically the allegations

27  contained in Paragraph 51 of the Complaint.

28

1       52.    Dannon denies generally and specifically the allegations

2   contained in Paragraph 52 of the Complaint.

3       53.    Answering Paragraph 53, Dannon notes that its commercials,

4   print advertisements, Internet advertisements, labels, and Scientific Summary for

5   Health Care Professionals all speak for themselves.  Dannon denies all allegations

6   of Paragraph 53 not specifically admitted.

7       54.    Answering Paragraph 54, Dannon admits that it says that it has

8   found that "slow intestinal transit is a source of true discomfort for a large

9   proportion of the population and results in daily distress" and that "some of the

10   symptoms include bloating, heaviness, and difficult and painful defecation . . . ."

11   Dannon denies all allegations of Paragraph 54 not specifically admitted.

12       55.    Dannon denies generally and specifically the allegations

13   contained in Paragraph 55.

14   **DANNON'S MARKETING SUCCESS**

15       56.    Answering Paragraph 56, Dannon admits that it charges a

16   premium price for Activia.  To the extent that the allegations contained in

17   Paragraph 56 pertain to third-party statements, Dannon lacks sufficient knowledge

18   or information to form a belief as to the truth of the allegations contained in

19   Paragraph 56 and, on that basis, denies each and every allegation contained in

20   Paragraph 56 of the Complaint.  Dannon denies all allegations of Paragraph 56 not

21   specifically admitted.

22       57.    Answering Paragraph 57, Dannon lacks sufficient knowledge or

23   information to form a belief as to the truth of the allegations contained in

24   Paragraph 57 and, on that basis, denies each and every allegation contained in

25   Paragraph 57 of the Complaint.  Dannon denies all allegations of Paragraph 57 not

26   specifically admitted.

27       58.    Answering Paragraph 58, Dannon lacks sufficient knowledge or

28   information to form a belief as to the truth of the allegations contained in

1   Paragraph 58 and, on that basis, denies each and every allegation contained in

2   Paragraph 58 of the Complaint.  Dannon denies all allegations of Paragraph 58 not

3   specifically admitted.

4         59.    To the extent that the allegations contained in Paragraph 59

5   pertain to third party statements, Dannon lacks sufficient knowledge or information

6   to form a belief as to the truth of the allegations contained in Paragraph 59 and, on

7   that basis, denies each and every allegation contained in Paragraph 59 of the

8   Complaint.  Dannon denies all remaining allegations of Paragraph 59.

9         60.    Dannon denies generally and specifically the allegations

10  contained in Paragraph 60 of the Complaint.

11        61.    Answering Paragraph 61, Dannon admits that the respective

12  nationwide launches of the Products have been successful, that Activia surpassed

13  $100 million in net sales in the U.S. in its first year, a feat less than one-tenth of

14  one percent of new products achieve, and that Activia achieved a 70% to 80%

15  aided awareness among all consumers.  Dannon denies all allegations of Paragraph

16  61 not specifically admitted.

17                  **CLASS ACTION ALLEGATIONS**

18        62.    Paragraph 62 of the Complaint contains legal conclusions and,

19  to that extent, does not require an answer.  Dannon denies all allegations of

20  Paragraph 62.

21        63.    Paragraph 63 of the Complaint contains legal conclusions and,

22  to that extent, does not require an answer.  Dannon denies all allegations of

23  Paragraph 63.

24        64.    Paragraph 64 of the Complaint contains legal conclusions and,

25  to that extent, does not require an answer.  Dannon denies all allegations of

26  Paragraph 64.

27        65.    Paragraph 65 of the Complaint contains legal conclusions and,

28  to that extent, does not require an answer.  Dannon denies all allegations of

1    Paragraph 65.

2              66.    Paragraph 66 of the Complaint contains legal conclusions and,

3    to that extent, does not require an answer.   Dannon denies all allegations of

4    Paragraph 66.

5              67.    Paragraph 67 of the Complaint contains legal conclusions and,

6    to that extent, does not require an answer.  Dannon denies all allegations of

7    Paragraph 67.

8                                **COUNT I**

9              68.    Answering Paragraph 68, Dannon incorporates by reference and

10   repleads all of the admissions, denials, and allegations contained in Paragraphs 1

11   through 67 above.

12             69.    Paragraph 69 of the Complaint contains legal conclusions and,

13   to that extent, does not require an answer.  Dannon denies all allegations of

14   Paragraph 69.

15             70.    Dannon denies all allegations of Paragraph 70.

16             71.    Dannon denies all allegations of Paragraph 71.

17             72.    Paragraph 72 of the Complaint contains legal conclusions and,

18   to that extent, does not require an answer.

19             73.    Paragraph 73 of the Complaint contains legal conclusions and,

20   to that extent, does not require an answer.

21             74.    Paragraph 74 of the Complaint contains legal conclusions and,

22   to that extent, does not require an answer.

23                               **COUNT II**

24             75.    Answering Paragraph 75, Dannon incorporates by reference and

25   repleads all of the admissions, denials, and allegations contained in Paragraphs 1

26   through 74 above.

27             76.    Paragraph 76 of the Complaint contains legal conclusions and,

28   to that extent, does not require an answer. Dannon denies all allegations of

1    Paragraph 76.

2         77.    Paragraph 77 of the Complaint contains legal conclusions and,

3    to that extent, does not require an answer. Dannon denies all allegations of

4    Paragraph 77.

5         78.    Paragraph 78 of the Complaint contains legal conclusions and,

6    to that extent, does not require an answer. Dannon denies all allegations of

7    Paragraph 78.

8         79.    Paragraph 79 of the Complaint contains legal conclusions and,

9    to that extent, does not require an answer.

10        80.    Dannon denies all allegations of Paragraph 80.

11        81.    Paragraph 81 of the Complaint contains legal conclusions and,

12   to that extent, does not require an answer.  Dannon denies all allegations of

13   Paragraph 81.

14        82.    Dannon lacks sufficient knowledge or information to form a

15   belief as to the truth of the remaining allegations contained in Paragraph 82 and, on

16   that basis, denies each and every allegation contained in Paragraph 82 of the

17   Complaint.

18        83.    Paragraph 83 of the Complaint contains legal conclusions and,

19   to that extent, does not require an answer.

20        84.    Dannon denies all allegations of Paragraph 84.

21        85.    Dannon denies generally and specifically the allegations

22   contained in Paragraph 85 of the Complaint.

23        86.    Paragraph 86 of the Complaint contains legal conclusions and,

24   to that extent, does not require an answer.  Dannon denies all allegations of

25   Paragraph 86.

26        87.    Paragraph 87 of the Complaint contains legal conclusions and,

27   to that extent, does not require an answer.

28

DEFENDANT THE DANNON COMPANY, INC.'S ANSWER TO
PATRICIA WIENER'S PUTATIVE CLASS ACTION COMPLAINT

1

**COUNT III**

2        88.    Answering Paragraph 88, Dannon incorporates by reference and

3   repleads all of the admissions, denials, and allegations contained in Paragraphs 1

4   through 87 above.

5        89.    Paragraph 89 of the Complaint contains legal conclusions and,

6   to that extent, does not require an answer. Dannon denies all allegations of

7   Paragraph 89.

8        90.    Paragraph 90 of the Complaint contains legal conclusions and,

9   to that extent, does not require an answer. Dannon denies all allegations of

10  Paragraph 90.

11       91.    Paragraph 91 of the Complaint contains legal conclusions and,

12  to that extent, does not require an answer. Dannon denies all allegations of

13  Paragraph 91.

14       92.    Paragraph 92 of the Complaint contains legal conclusions and,

15  to that extent, does not require an answer. Dannon denies all allegations of

16  Paragraph 92.

17

**AFFIRMATIVE DEFENSES**

18       Without assuming the burden of proof on any matters that would

19  otherwise rest with Plaintiff, and expressly denying any and all wrongdoing,

20  Dannon alleges the following additional reasons why Plaintiff is not entitled to any

21  relief:

22

**FIRST AFFIRMATIVE DEFENSE**

23

**(Failure to State a Claim)**

24       The Complaint and each purported cause of action in the Complaint

25  fails to state facts sufficient to constitute a cause or causes of action against

26  Dannon upon which relief can be granted.

27

28

1

## SECOND AFFIRMATIVE DEFENSE

2

### (No False or Misleading Advertising)

3    Plaintiff's claims are barred, in whole or in part, because Dannon's

4    advertisements do not, and did not, contain any false or misleading statements.

5    Each and every advertisement for the Products that was produced and disseminated

6    by Dannon clearly and accurately portrayed the characteristics, uses, benefits,

7    standard, quality, and grade of the Products.

8

## THIRD AFFIRMATIVE DEFENSE

9

### (Performance of Duties)

10    Dannon has fully performed any and all contractual, statutory, and

11    other duties, and Plaintiff is therefore estopped from asserting any cause of action

12    against Dannon.

13

## FOURTH AFFIRMATIVE DEFENSE

14

### (No Standing)

15    Plaintiff is not entitled to relief under the statutes and legal theories

16    invoked in the Complaint because Plaintiff lacks standing.

17

## FIFTH AFFIRMATIVE DEFENSE

18

### (Lack of Justifiable Reliance)

19    Plaintiff's claims are barred, in whole or in part, because Plaintiff

20    knew, at all times, the characteristics, uses, benefits, standard, quality, and grade of

21    the Products and therefore could not have justifiably relied on the alleged

22    misrepresentations or omissions set forth in the Complaint.

23

## SIXTH AFFIRMATIVE DEFENSE

24

### (Lack of Authority to Sue:  Consumers Legal Remedies Act)

25    With respect to Count I, Plaintiff did not purchase the Products for

26    personal, family, or household use and is otherwise not a bona fide consumer with

27    standing to enforce the Consumers Legal Remedies Act.

28

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### (Failure to Follow Requirements of Consumers Legal Remedies Act)

3    With respect to Count I, Plaintiff's claims fail in whole or in part

4 because Plaintiff has failed to comply with the requirements of the Consumers

5 Legal Remedies Act.

6

## EIGHTH AFFIRMATIVE DEFENSE

7

### (Lack of Authority to Sue: California Business & Professions

8

### Code § 17200 *et seq.*)

9    With respect to Count II, Plaintiff has not suffered any injury in fact

10 or lost any money or property as a result of the alleged acts of omissions of

11 Dannon and therefore lacks standing to enforce California Business & Professions

12 Code § 17200 *et seq.*

13

## NINTH AFFIRMATIVE DEFENSE

14

### (Conduct Not Unlawful)

15    Dannon's advertising regarding the Products is not unlawful.  No

16 advertisement produced or disseminated by Dannon contains any false or

17 misleading statement or promises any good not intended to be delivered.  As such,

18 Dannon's advertising is not, and was not, in violation of any law or regulation.

19

## TENTH AFFIRMATIVE DEFENSE

20

### (Substantial Compliance)

21    Dannon has substantially complied with the requirements of the law

22 as they pertain to this lawsuit and such substantial compliance bars Plaintiff's

23 claims.

24

## ELEVENTH AFFIRMATIVE DEFENSE

25

### (Conduct Not Unfair)

26    Dannon's advertising regarding the Products is not unlawful.  No

27 advertisement produced or disseminated by Dannon contains any false or

28 misleading statement or promises any good not intended to be delivered.  As such,

1 | Dannon's advertising is not, and was not, unfair.

2 | **TWELFTH AFFIRMATIVE DEFENSE**

3 | **(Reasonable Business Justification)**

4 | Dannon alleges that this action is barred, because conduct or action of

5 | Dannon was, and is reasonable and lawful based on dependent legitimate business

6 | and economic justifications.

7 | **THIRTEENTH AFFIRMATIVE DEFENSE**

8 | **(Cause in Fact)**

9 | No act or omission by Dannon or by any person or entity for which

10 | Dannon was responsible was the cause in fact of any injury in fact, damages, or

11 | loss of money or property alleged by Plaintiff.

12 | **FOURTEENTH AFFIRMATIVE DEFENSE**

13 | **(No Proximate Cause)**

14 | Plaintiff's claims are barred, in whole or in part, because Dannon has

15 | not engaged in any activity or conduct that is a proximate cause of any injury in

16 | fact, damages, or loss of money or property alleged by Plaintiff.

17 | **FIFTEENTH AFFIRMATIVE DEFENSE**

18 | **(Superseding Causes)**

19 | Any and all violations alleged in the Complaint were the result of

20 | superseding or intervening causes arising from the acts or omissions of parties that

21 | Dannon neither controlled nor had the legal right to control, and said violations

22 | were not proximately or otherwise caused by any act, omission, or other conduct of

23 | Dannon.

24 | **SIXTEENTH AFFIRMATIVE DEFENSE**

25 | **(Contribution)**

26 | Any and all violations alleged in the Complaint were proximately

27 | caused or contributed to by the acts, omissions, conduct, or products of parties

28 | other than Dannon, and for this reason, the Complaint fails to state facts sufficient

to constitute a cause of action against Dannon.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Express and Implied Consent)

Plaintiff expressly and/or impliedly consented to, and/or had knowledge of, all activities or conditions alleged in the Complaint to have caused its harm, and thus, is barred from seeking relief for such harm.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Misuse of Product)

Plaintiff's claims are barred, in whole or in part, because the injuries, if any, for which relief is sought were solely and proximately caused by Plaintiff's misuse and/or abuse of the Products provided by Dannon.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Aggravation of Harm)

To the extent any harm exists, Dannon is informed and believes and on that basis, alleges that Plaintiff's actions have aggravated such harm, and thus, any recovery under Plaintiff's Complaint for such harm should be barred or reduced accordingly.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

If Plaintiff has suffered any damages or injury in fact, which Dannon expressly denies, Dannon alleges that Plaintiff's recovery is barred by its failure to mitigate, reduce, or otherwise avoid its damages or injuries.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Equitable Estoppel and Equitable Indemnity)

Based upon the terms of sale of the Products and Plaintiff's conduct, Plaintiff's claims are barred by the doctrines of equitable estoppel and equitable indemnity.

A/72500260.1/3007966-0000330878

17

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Based upon the terms of sale of the Products and Plaintiff's conduct, Plaintiff's claims are barred by the doctrine of waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims and damages are barred and/or limited by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure § 343; California Civil Code § 1783; and California Business & Professions Code § 17208.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Laches)

By virtue of Plaintiff's unreasonable delay in commencing this action, which duly has caused prejudice to Dannon, the Complaint and each purported cause of action asserted therein are barred by the doctrine of laches.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each and every purported claim against Dannon is barred by the doctrine of unclean hands in that Plaintiff's own actions have caused the damages Plaintiff may have incurred, if any.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Actual Injury)

Plaintiff is not entitled to relief under the statutes and legal theories invoked in the Complaint because Plaintiff suffered no actual injury and suffered no damages

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Basis for Injunctive Relief)

Declaratory and injunctive relief is not appropriate for some or all of

1  the allegations because, if Plaintiff is entitled to a remedy, which Dannon denies,

2  money damages would be an adequate remedy and no threat of immediate harm

3  exists sufficient to support a grant of injunctive relief.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

6  All or some of the alleged causes of action are preempted by federal

7  law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Actions Pursuant To Local, State or Federal Authority)

10  Dannon is not liable for any acts or omissions undertaken by or at the

11  direction or sufferance of local, state, or federal authority, including, without

12  limitation, acts or omissions made in accordance with regulations, ordinances,

13  statutes, and laws applicable at the time of the acts or omissions at issue.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Not Maintainable As Class Action)

16  Dannon alleges that this action is barred in whole or in part, because

17  Plaintiff's claims are not maintainable as a class action, there are not sufficiently

18  common issues of reliance as to the individual members of the purported class, and

19  the named Plaintiff is not an adequate, typical, suitable, or appropriate

20  representative of the purported class.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

23  Any award to the Plaintiffs in this action would constitute unjust

24  enrichment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Represent Public Interest)

27  Plaintiff is barred from pursuing this action as Plaintiff does not, and

28  cannot, adequately represent the public interest as required by California Business

& Professions Code Section 17200 *et seq.*

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Attorneys' Fees Improper)**

Plaintiff's Complaint fails to state a claim or set forth facts sufficient to support a claim for attorneys' fees.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Restitution or Disgorgement of Profits)**

Plaintiff is not entitled to restitution or to compel disgorgement of profits or monies saved pursuant to California Business & Professions Code Section 17200 *et seq.*

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

The Complaint and each cause of action therein presented are vague, ambiguous, and uncertain.  Dannon reserves the right to add additional defenses as the factual bases for each of Plaintiff's claims and allegations becomes known.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Reservation of Additional Defenses)**

Dannon hereby reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to Dannon through discovery in this matter or otherwise.

WHEREFORE, Dannon prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint and that the Complaint be dismissed with prejudice;

2. That the request for declaratory judgment be denied and that no injunctive relief be granted;

3. That Dannon be awarded its costs of suit;

1        4.    That the request for attorneys fees and costs by Plaintiff and her

2    counsel be denied; and

3        5.    For such other and further relief as the Court deems just and

4    proper.

5

    DATED:  April 11, 2008            BINGHAM McCUTCHEN LLP

6

7

8                            By: _____

9                                 Bruce A. Friedman
                             Attorneys for Defendant

10                         THE DANNON COMPANY, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT THE DANNON COMPANY, INC.'S ANSWER TO
PATRICIA WIENER'S PUTATIVE CLASS ACTION COMPLAINT

1

**PROOF OF SERVICE**

2     I am over eighteen years of age, not a party in this action, and employed in Los

3 Angeles County, California at 355 South Grand Avenue, Suite 4400, Los Angeles, California

4 90071-3106.  I am readily familiar with the practice of this office for collection and processing

5 of correspondence for mail/fax/hand delivery/next business day delivery, and they are deposited

6 that same day in the ordinary course of business.

7     On April 11, 2008, I served the attached:

8 **DEFENDANT THE DANNON COMPANY, INC.'S ANSWER
TO PATRICIA WIENER'S PUTATIVE CLASS ACTION
9 COMPLAINT; DEMAND FOR JURY TRIAL**

10 ☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
11   number(s) set forth below on this date before 5:00 p.m.

12 ☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the
   United States Mail at Los Angeles, California in sealed envelope(s) with postage
13   prepaid, addressed as set forth below.  I am readily familiar with this law firm's
   practice for collection and processing of correspondence for mailing with the
14   United States Postal Service.  Correspondence is deposited with the United States
   Postal Service the same day it is left for collection and processing in the ordinary
15   course of business.

16 ☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy
17   of the document(s) listed above to be delivered by Federal Express in sealed
   envelope(s) with all fees prepaid at the address(es) set forth below.
18

19 ☐ (PERSONAL SERVICE) by causing a true and correct copy of the above
   documents to be hand delivered in sealed envelope(s) with all fees fully paid to the
20   person(s) at the address(es) set forth below.
  ☐ (VIA EMAIL) by transmitting via email the document(s) listed above on this date
21   before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

22

23 David Pastor, Esq.     Jayne A. Goldstein, Esq.
 **Gilman and Pastor, LLP**   Lee Albert, Esq.
24 225 Franklin Street, 16th Floor  **Mager & Goldstein LLP**
 Boston, MA 02110    1640 Town Center Circle
25 Phone: (617) 742-9700   Suite 216
 Fax: (617) 742-9701    Weston, FL 33326
26 Email: Dpastor@Gilmanpastor.com Telephone:  (954) 515-0123
           Fax:  (954) 515-0124
27           jgoldstein@magergoldstein.com
           lalbert@magergoldstein.com
28

1  Timothy G. Blood, Esq.
2  John J. Stoia, Jr.
   Leslie Hurst, Esq.
3  Thomas Joseph O'Reardon, II
   **Coughlin Stoia Geller Rudman &**
4  **Robbins LLP**
   655 West Broadway, Suite 1900
5  San Diego, CA 92101
   Telephone: (619) 231-1058
6  Fax: (619) 231-7423
7  timb@csgrr.com
   johns@csgrr.com
8  leslieh@csgrr.com
   toreardon@csgrr.com
9
           I declare that I am employed in the office of a member of the bar of this court at
10
   whose direction the service was made and that this declaration was executed on April 11, 2008,
11
   at Los Angeles, California.
12

13

14                                                    _____
                                                      Gloria R. Moonesinghe
15

16

17

18

19

20

21

22

23

24

25

26

27

28
   A/72500260.1/3007966-0000330878                23