

1   Bingham McCutchen LLP
    BRUCE A. FRIEDMAN (SBN 65852)
2   bruce.friedman@bingham.com
    GINA M. SIMAS (SBN 205367)
3   gina.simas@bingham.com
    The Water Garden
4   Fourth Floor, North Tower
    1620 26th Street
5   Santa Monica, CA 90404-4060
    Telephone: 310-907-1000
6   Facsimile: 310-907-2000

7   Arnold & Porter LLP
    ANGEL A. GARGANTA (SBN 163957)
8   angel.garganta@aporter.com
    TRENTON H. NORRIS (SBN 164781)
9   trent.norris@aporter.com
    MARK P. PIFKO (SBN 228412)
10  mark.pifko@aporter.com
    90 New Montgomery St., Suite 600
11  San Francisco, CA 94105
    Telephone: 415-356-3000
12  Facsimile: 415-356-3099

13  Attorneys for Defendant
    THE DANNON COMPANY, INC.

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

17

18

19  PATRICIA WIENER, On Behalf of          No. CV-08-00415-SJO (AGRx)
    Herself and All Others Similarly Situated
    and the General Public,                CLASS ACTION

20          Plaintiff,                     [PROPOSED ORDER] RE
                                           STIPULATED PROTECTIVE
21      v.                                 ORDER

22  THE DANNON COMPANY, INC.,

23          Defendant.

24

25

26

27

28

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 1 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1       The parties to these actions, Patricia Wiener, On Behalf of Herself and All

2   Others Similarly Situated and the General Public, and The Dannon Company, Inc.

3   (collectively, the "Parties"), believe that certain information that is or may be

4   sought by discovery requests or otherwise in these actions constitutes trade secrets

5   or other confidential research, development, financial or commercial information

6   within the meaning of Fed. R. Civ. P. 26(c).  Attached hereto as Exhibit "1" is a

7   true and correct copy of an executed stipulated Protective Order that governs the

8   handling of all documents, records, tangible materials, testimony, responses to

9   discovery requests (including documents, interrogatory answers, responses to

10  requests for admissions, deposition testimony) and other information produced,

11  served, disclosed or filed, whether voluntarily or through discovery or other

12  proceedings, including, without limitation, all copies, excerpts, and summaries

13  (collectively "Material") in connection with these actions.

14      Having reviewed the Stipulated Protective Order, **IT IS HEREBY**

15  **ORDERED** that the Court finds that good cause exists for the entry of this

16  Protective Order.

17      IT IS SO ORDERED.

18

19  DATED: July 14, 2008

20                                              THE HONORABLE S. JAMES OTERO
                                                UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

[PROPOSED ORDER] RE STIPULATED PROTECTIVE ORDER

# EXHIBIT 1



Bingham McCutchen LLP
BRUCE A. FRIEDMAN (SBN 65852)
bruce.friedman@bingham.com
GINA M. SIMAS (SBN 205367)
gina.simas@bingham.com
The Water Garden
Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA  90404-4060
Telephone:  310-907-1000
Facsimile:  310-907-2000

Arnold & Porter LLP
ANGEL A. GARGANTA (SBN 163957)
angel.garganta@aporter.com
TRENTON H. NORRIS (SBN 164781)
trent.norris@aporter.com
MARK P. PIFKO (SBN 228412)
mark.pifko@aporter.com
90 New Montgomery St., Suite 600
San Francisco, CA  94105
Telephone:  415-356-3000
Facsimile:  415-356-3099

Attorneys for Defendant
THE DANNON COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATRICIA WIENER, On Behalf of Herself and All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>THE DANNON COMPANY, INC.,<br><br>Defendant. | No. CV-08-00415-SJO (AGRx)<br><br>CLASS ACTION<br><br>STIPULATION RE PROTECTIVE ORDER |

STIPULATION RE PROTECTIVE ORDER

WHEREAS the parties to these actions, Patricia Wiener, On Behalf of Herself and All Others Similarly Situated and the General Public, and The Dannon Company, Inc. (collectively, the "Parties"), believe that certain information that is or may be sought by discovery requests or otherwise in these actions constitutes trade secrets or other confidential research, development, financial or commercial information within the meaning of Fed. R. Civ. P. 26(c).

Therefore, IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

1.      This Protective Order governs the handling of all documents, records, tangible materials, testimony, responses to discovery requests (including documents, interrogatory answers, responses to requests for admissions, deposition testimony) and other information produced, served, disclosed or filed, whether voluntarily or through discovery or other proceedings, including, without limitation, all copies, excerpts, and summaries (collectively "Material") in connection with these actions.

2.      The provisions of this Protective Order shall apply to the parties to these actions and any person and/or third party who agrees to be bound by the terms of this Protective Order.

3.      The Court finds that good cause exists for the entry of this Protective Order.

## DEFINITIONS

4.      As used herein, the meanings of the following terms are defined:

(a) "Confidential Information" means information that qualifies for protection within the meaning of Fed. R. Civ. P. 26(c) and could cause competitive injury to a party or would invade the privacy of a party who is a natural person if said information were made public or revealed to a competitor, including trade secrets. But, in no event is the definition of Confidential Information intended to be broader than

is provided by applicable law. "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) is used in one's business, and which gives that party an opportunity to obtain an advantage over competitors who do not know or use it; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Confidential Information shall not include Materials that have been disclosed to the general public or are available to the public.

(b) "Protected Material" means any Material that is designated as Confidential Information.

(c) "Producing Party" means any party or nonparty (including current employees, directors, and officers thereof) who produces or discloses information or Material in the Litigation.

(d) "Receiving Party" means any party to whom information or Material is produced or disclosed in the Litigation.

(e) "Designating Party" means any party or nonparty who designates any Material as containing Confidential Information.

(f) "Expert" means any person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation.

(g) "Litigation" means all actions currently part of CV-08-00415-SJO (AGRx) and any actions that subsequently join CV-08-00415-SJO (AGRx), including any appeal and/or remand, provided however that the duration of this Protective Order is not contingent on the continuation of CV-08-00415-SJO (AGRx).

**MANNER AND TIMING OF DESIGNATIONS**

5.    Except as otherwise provided in this Order, or as otherwise stipulated

1   or ordered, materials that qualify for protection under this Order must be clearly so
2   designated before the material is disclosed or produced. Designation in conformity
3   with this Order requires:

4   (a) For information in documentary form (apart from deposition
5   transcripts) the Producing Party shall plainly mark each page with a
6   legend bearing the word "CONFIDENTIAL" or shall give notice in
7   writing to the Receiving Party identifying, by Bates number, the pages
8   that are designated as "CONFIDENTIAL" along with replacement
9   pages bearing the appropriate legend.

10  (b) Any such stamp or designation shall not cover up, obscure or
11  otherwise conceal any text, picture, drawing, graph or other
12  communication or depiction in the document.  In the case of
13  Confidential information disclosed in a non-paper medium (e.g.,
14  videotape, audiotape, computer disks, etc), the appropriate designation
15  shall be affixed on the outside of the medium or its container so as to
16  clearly give notice of the designation.

17  (c) The designation of material as Confidential pursuant to this Order
18  shall mean that the producing party has a reasonable good faith belief
19  that the material constitutes Confidential information as defined in
20  Paragraph 4 of this Order.  Blanket designation of documents or
21  information as Confidential en masse or without regard to the specific
22  contents of each document or piece of information is prohibited.

23  (d) For information revealed during depositions upon oral examination,
24  the witness, his employer, his counsel, or other party to whom the
25  Protected Material relates shall state, either on the record during the
26  deposition or in writing within ten (10) business days after the
27  transcript becomes available, and identify the portions of the transcript
28  that set forth that Confidential Information.  When Protected Material

4

**STIPULATION RE PROTECTIVE ORDER**

1  is elicited during a deposition, the court reporter shall be advised of

2  this Protective Order and shall mark the transcript of the deposition

3  "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" and

4  shall place on the cover of any such transcript the following legend:

5  "This transcript contains Confidential Information subject to an Order

6  of the Court under which there are penalties for improper use or

7  disclosure."

8  **RESTRICTIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

9  6.    All Protected Materials exchanged among the parties to these actions

10  in connection with these actions shall be used solely for purposes of the

11  preparation and trial of the Litigation.  Protected Material may not be used for any

12  other purpose, including, without limitation, for any other claim, lawsuit,

13  arbitration, or other proceeding or action, or for any commercial or business

14  purpose, absent the prior written consent of the Producing Party or leave of the

15  Court.

16  7.    Access to Confidential Information shall be restricted to:

17  (a) the parties and those employees responsible for assisting a party in the

18  conduct of the Litigation, other than in-house counsel, and only on a

19  need to know basis, provided each has read this Order and signed an

20  Undertaking in the form of Exhibit A;

21  (b) counsel for the parties to the Litigation (including outside and

22  in-house  counsel) and persons in their employ who are assisting in

23  the conduct of the Litigation;

24  (c) experts who have read this Order and signed an Undertaking in the

25  form of Exhibit A, and the Expert's secretarial and clerical personnel;

26  (d) technical and non-technical jury or trial consulting services retained

27  by counsel of record who have read this Order and signed an

28  Undertaking in the form of Exhibit A;

5

**STIPULATION RE PROTECTIVE ORDER**

(e) authors of, recipients of, and those listed as authors or recipients in the Confidential Material;

(f) actual or potential trial or deposition witnesses whose testimony counsel reasonably believe may be aided by the review of Confidential Materials who have read this Order and signed an Undertaking in the form of Exhibit A; and

(g) the Court, any court to which any case is transferred, any appellate court with jurisdiction over any appeal from the Litigation and personnel assisting any such court in its adjudicative functions;

(h) any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel;

(i) stenographic reporters or video operators engaged by a party for purposes of the Litigation, provided however that they have access to Material so designated only to the extent necessary to perform their duties;

(j) outside photocopying, translation, document management, litigation support, trial graphics, e-discovery, and exhibit preparation services engaged by a party for purposes of the Litigation, provided however that such employees have access to Material so designated only to the extent necessary to perform their duties;

(k) representatives of the parties' insurers who have agreed to provide coverage with respect to the defense of claims in these actions, as well as insurers to whom this matter has been tendered but have not yet issued an opinion on coverage; and

(l) any other person upon order of the Court or agreed to by the Producing Party in writing or on the record at a deposition or at any other proceeding.

6

8.    Counsel for the Receiving Party giving access to the Protected Material shall retain the original of all Undertakings required from persons being given access to the Protected Material.  A Producing Party may move the Court at any time for disclosure of a Receiving Party's Undertakings, and subject to the protection of certain privileges, the Court may order such production only upon a showing of good cause by the Producing Party of a possible violation of this Order.

9.    Protected Material may be used in pretrial proceedings so long as the party using the information does so in accordance with Paragraph 7.  In the event that any Protected Material is used in any proceeding in this action or any appeal therefrom, the Material shall not lose its status through such use, provided however that counsel confers with the Court on such procedures as are necessary to ensure the confidentiality of any documents, information, and transcripts used in the course of any proceedings.  This Protective Order does not address the use of Protected Material during any trial in this Litigation, which will be addressed with the trial court at an appropriate time.

10.    Protected Material that is authorized by statute, rule, or order for filing under seal and is to be filed in the Central District of California shall be filed according to the provisions of Local Rule 79-5.  Any motion, pleading or other submission to the Court that contains or attaches Confidential Material shall be filed in a sealed envelope which: (a) is endorsed with the caption for the matter; (b) sets forth a general description of the contents of the sealed envelope; and (c) contains the following legend:

CONFIDENTIAL:    THIS    ENVELOPE    IS    SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT.

11.    Notwithstanding any designation, nothing in this Order shall prevent

1    any Producing Party from using or disclosing its own Protected Material as it

2    deems appropriate. Nothing in this Order shall preclude any party from showing a

3    Producing Party, or its employee, at a deposition of that party or employee, any

4    information provided by the Producing Party. Nothing in this Order shall preclude

5    any party from showing any individual any information that the individual

6    authored or developed. Likewise, nothing in this Order shall preclude any party

7    from showing any individual any document, the face of which demonstrates that

8    the document had previously been distributed to that individual, or that the

9    individual had otherwise previously possessed the document. Nothing herein shall

10   bar a party from the unrestricted use of any document or information obtained from

11   public sources or available through public sources.

12   　　　　12.　　Nothing in this Order shall be construed to prevent counsel from

13   advising their respective clients in any way relating to this Litigation, provided that

14   counsel does not disclose the substance of any Protected Material if otherwise

15   prohibited by the terms of this Order.

16   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17   　　　　13.　　A party or other person objecting to designation of any Material as

18   Confidential Information shall provide written notice of the objection to counsel

19   for the Designating Party, specifying the document(s) or material(s) that are the

20   subject of the objection. Upon receipt of the written objection, counsel for the

21   Designating Party shall, within 10 days, provide a written response to the objecting

22   party explaining the basis for the designation as Confidential Information;

23   otherwise the document(s) or material(s) shall be deemed to be no longer

24   Confidential Information without a Court order. The parties and any other

25   objecting person(s) shall confer in good faith in an effort to resolve the objection

26   and any response by the Designating Party. If the objecting party or person and the

27   Designating Party are unable to resolve the issue, the Designating Party, within 14

28   days after servings its response to the objection notification, must file a motion

**STIPULATION RE PROTECTIVE ORDER**

1 with the Court to continue the designation of the material as "Confidential

2 Information."  In deciding such a motion, the Court shall make an independent

3 determination as to whether or not the material is Confidential and is entitled to

4 protection under applicable law.  To maintain confidential status, the Designating

5 Party shall have the burden of establishing that the material constitute Confidential

6 Information as defined in Paragraph 4 of this Order and is entitled to protection

7 under applicable law.  If the Designating Party does not file a motion seeking to

8 maintain the "Confidential" designation within 14 days after serving its written

9 response to the objection to confidentiality, the Materials at issue shall be deemed

10 to be no longer Confidential Information.

11      14.    In the event the Court rules that the challenged Material is not

12 confidential, the Designating Party shall reproduce copies of all Materials so

13 designated without the "Confidential Information" labeling at the Designating

14 Party's expense within ten (10) business days.

15      15.    Nothing in this Order shall preclude any party from disclosing or

16 using, in any manner or for any purpose, any Protected Material that was either

17 lawfully in its possession prior to being designated as Confidential Information in

18 this Litigation or was discovered independently by the party.

19      16.    The parties shall instruct all court reporters employed by them in the

20 Litigation that no copy of any transcript of any deposition taken by any party

21 which is designated in part or in whole as Confidential Information shall be

22 prepared for, or furnished by the reporter to any person other than to counsel for

23 the parties and the deponent or his or her counsel.

24 **GENERAL PROVISIONS**

25      17.    In determining the scope of information that a party may designate as

26 Confidential Information, each party agrees that designations shall be made in

27 good faith and (1) not to impose burden or delay on any other parties, (2) not for

28 tactical or other advantage in litigation, and (3) as to any party who is not a natural

1  person, not in order to avoid embarrassment.

2      18.    The protections conferred by this Stipulated Protective Order cover

3  not only Protected Material, but also information copied or extracted therefrom, as

4  well as all copies, excerpts, summaries, or compilations thereof.  However, this

5  Order shall not be construed to cause any counsel to produce, return, and/or

6  destroy their own attorney work product.

7      19.    Each recipient of Protected Material shall maintain such Material in a

8  secure, safe area and shall exercise, at minimum, the same standard of care with

9  respect to the storage, custody, use and dissemination of such Material as is

10  exercised by the Receiving Party with respect to its own Protected Material, but in

11  no case less than reasonable care.

12      20.    If a party or Expert in possession of Protected Material receives a

13  subpoena from a non-party seeking production or other disclosure of Confidential

14  Information, telephonic and written notice shall immediately be given to counsel

15  for the Producing Party, identifying the Protected Material sought and arranging

16  for transmission of a copy of the subpoena.  Where possible, notice shall be given

17  at least ten (10) business days before production or other disclosure.  In no event,

18  absent Court order, shall production or disclosure be made before notice is given.

19      21.    This Order shall not prevent any party or non-party from applying to

20  the Court for further or other protective orders or for modifications of this Order or

21  from agreeing to modifications of this Order. Any such agreed modification shall

22  be in writing, and signed by counsel on behalf of the parties.

23      22.    After final termination of this lawsuit, including all appeals (whether

24  by judgment, settlement or otherwise), any party who produced Confidential

25  Information may, by written notice made within 30 days of the final disposition of

26  this action, request the return or destruction of all Confidential Information,

27  including all copies retained by the party to whom the request is made and its

28  counsel, experts and consultants.  Such returned Materials shall not include the

10

**STIPULATION RE PROTECTIVE ORDER**

1  notes or work product of counsel for the parties, expert witnesses or consultants or

2  investigators or agents thereof. The return or destruction of such Confidential

3  Information shall take place within 30 days of the request. Each law firm

4  representing a party or a deponent, however, may keep all court pleadings, briefs,

5  discovery responses, deposition transcripts, deposition exhibits, expert reports,

6  exhibits used in pretrial proceedings, documents included in submissions to the

7  court, and all of its own work product generated in connection with this Litigation,

8  even if it contains Protected Material. All such documents retained by counsel shall

9  remain subject to the terms of this Order.

10      23.   If Confidential Information is disclosed to any person other than in a

11  manner authorized by this Order, the person responsible for such disclosure shall

12  upon discovery of the disclosure immediately inform outside counsel of record of

13  the party whose information is disclosed, shall inform counsel of all pertinent facts

14  relating to such disclosure, and shall work in good faith with counsel to retrieve

15  said information, including making every effort to retrieve the improperly

16  disclosed Material and to prevent further unauthorized disclosure on its own part

17  and unauthorized use or disclosure on the part of the recipient of the Material.

18      24.   If it comes to a Designating Party's attention that information or items

19  that it designated for protection do not qualify for protection, that party must

20  promptly notify all Receiving Parties that it is withdrawing the mistaken

21  designation. The Designating Party shall then have ten (10) business days to

22  reproduce all Materials mistakenly designated without the "Confidential

23  Information" labeling at the Designating Party's expense.

24      25.   Nothing herein shall constitute (a) an agreement to produce any

25  documents or supply any information or testimony in discovery not otherwise

26  agreed upon or required to be produced; (b) a waiver of any right to object to any

27  discovery request in this or any other action; or (c) a waiver of any claim of

28  immunity or privilege with regard to any testimony, documents or information.

26.    The inadvertent or mistaken disclosure of any Material containing Confidential Information without the designation required under Paragraph 5 above, shall not constitute a waiver of any claim that the inadvertently disclosed Material is entitled to protection under this Order if such inadvertent or mistaken disclosure is brought to the attention of the Receiving Party promptly after the Producing Party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the Producing Party shall provide properly marked documents to each party to whom Confidential Information was produced without proper designation; and, upon receipt of these properly marked documents, the Receiving Party shall return to the Producing Party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof. The designation of Materials as being Confidential Information shall not be admissible in any proceeding as evidence that the Material in fact contained confidential information.

27.    If a party through inadvertence produces or provides Material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, the Producing Party may give written notice to the Receiving Party that the Material is subject to a specific privilege or immunity and request that the Material be returned to the Producing Party. The Receiving Party shall return the Material.   Return of the Material shall not constitute an admission or concession, or permit any inference that the returned Material is, in fact, properly subject to a claim of any privilege or immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for reasons, including a waiver caused by the inadvertent production.

28.    This Order may be amended by the agreement of counsel for the parties in the form of a written amendment signed by counsel and filed with the Court for approval.

12

**STIPULATION RE PROTECTIVE ORDER**

29.    If any party seeks discovery from a third party, that third party shall be entitled to all of the benefits that a Producing Party has under the terms of this Order.

30.    The parties agree to be bound by the terms of this Order pending the entry of this Order, or an alternative thereto that is satisfactory to the Court and all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

31.    This Order shall remain in effect throughout the Litigation and shall survive the termination of this Litigation, unless otherwise ordered by the Court.

32.    This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

13

**STIPULATION RE PROTECTIVE ORDER**

1

2                                      Respectfully submitted,

3    DATED: July _10_, 2008            By: _____

4                                      Bingham McCutchen LLP
5                                      BRUCE A. FRIEDMAN (SBN 65852)
                                       bruce.friedman@bingham.com
6                                      GINA M. SIMAS (SBN 205367)
                                       gina.simas@bingham.com
7                                      The Water Garden
                                       Fourth Floor, North Tower
8                                      1620 26th Street
                                       Santa Monica, CA  90404-4060
9                                      Telephone:  310-907-1000
                                       Facsimile:  310-907-2000

10                                     Arnold & Porter LLP
11                                     ANGEL A. GARGANTA (SBN 163957)
                                       angel.garganta@aporter.com
12                                     TRENTON H. NORRIS (SBN 164781)
                                       trent.norris@aporter.com
13                                     MARK P. PIFKO (SBN 228412)
                                       mark.pifko@aporter.com
14                                     90 New Montgomery St., Suite 600
                                       San Francisco, CA  94105
15                                     Telephone:  415-356-3000
                                       Facsimile:  415-356-3099

16                                     Attorneys for Defendant
17                                     THE DANNON COMPANY, INC.

18

19

20

21

22

23

24

25

26

27

28

                                       14

STIPULATED PROTECTIVE ORDER

1

2 DATED: July 9, 2008                By: _____

3                                    COUGHLIN STOIA GELLER
                                     RUDMAN & ROBBINS LLP
4                                    JOHN J. STOIA, JR. (141757)
                                     jstoia@csgrr.com
5                                    TIMOTHY G. BLOOD (149343)
                                     tblood@csgrr.com
6                                    LESLIE E. HURST (178432)
                                     leslieh@csgrr.com
7                                    THOMAS J. O'REARDON II (247952)
                                     toreardon@csgrr.com
8                                    655 West Broadway, Suite 1900
                                     San Diego, CA 92101
9                                    Telephone: 619/231-1058
                                     619/231-7423 (fax)
10
                                     COUGHLIN STOIA GELLER
11                                   RUDMAN & ROBBINS LLP
                                     JONATHAN M. STEIN
12                                   jstein@csgrr.com
                                     120 East Palmetto Park Road, Suite 500
13                                   Boca Raton, FL 33432
                                     Telephone: 561/750-3000
14                                   561/750-3364 (fax)

15                                   MAGER & GOLDSTEIN LLP
                                     JAYNE A. GOLDSTEIN
16                                   jgoldstein@magergoldstein.com
                                     1640 Town Center Circle, Suite 216
17                                   Weston, FL 33326
                                     Telephone: 954/515-0123
18                                   954/515-0124 (fax)

19                                   Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

                                    15
                         STIPULATED PROTECTIVE ORDER

# EXHIBIT A



Bingham McCutchen LLP
BRUCE A. FRIEDMAN (SBN 65852)
bruce.friedman@bingham.com
GINA M. SIMAS (SBN 205367)
gina.simas@bingham.com
The Water Garden
Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA  90404-4060
Telephone:  310-907-1000
Facsimile:  310-907-2000

Arnold & Porter LLP
ANGEL A. GARGANTA (SBN 163957)
angel.garganta@aporter.com
TRENTON H. NORRIS (SBN 164781)
trent.norris@aporter.com
MARK P. PIFKO (SBN 228412)
mark.pifko@aporter.com
90 New Montgomery St., Suite 600
San Francisco, CA  94105
Telephone:  415-356-3000
Facsimile:  415-356-3099

Attorneys for Defendant
THE DANNON COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| PATRICIA WIENER, On Behalf of Herself and All Others Similarly Situated and the General Public, | No. CV-08-00415-SJO (AGRx) |
| Plaintiff, | **EXHIBIT A** |
| v. | **CONFIDENTIALITY UNDERTAKING** |
| THE DANNON COMPANY, INC., |  |
| Defendant. |  |

# CONFIDENTIALITY UNDERTAKING

1   

2  I, _____, hereby acknowledge that:

3      (a)   My current employer is _____. The address of

4  my current employer is _____. My

5  business telephone number is _____.

6      (b)   My   current   occupation   or   job   description   is

7  _____.

8      (c)   I have received and carefully read the Stipulated Protective Order

9  dated _____, and I understand its provisions. I will

10  protect Confidential Information disclosed to me and will not disclose it to anyone

11  not qualified under the Protective Order. In addition, I understand that I must

12  abide by all of the provisions of the Protective Order. I will undertake to ensure

13  that those working under my supervision abide by these requirements.

14      (d)   At or before the termination of this action, I will return to counsel for

15  the party by whom I am employed or to counsel by whom I am employed all

16  documents and other Materials, including notes, computer data, summaries,

17  abstracts, or any other Materials, containing or reflecting the Confidential

18  Information that has come into my possession.

19      (e)   I understand that I am subject to the jurisdiction of this Court for the

20  purposes of enforcing the Protective Order, and I further understand that if I violate

21  the provisions of the Protective Order, I will be in violation of a Court Order.

22  _____          _____

23  Date                                       Signature

24

25

26

27

28

2