1  COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  JOHN J. STOIA, JR. (141757)
   jstoia@csgrr.com
3  TIMOTHY G. BLOOD (149343)
   tblood@csgrr.com
4  LESLIE E. HURST (178432)
   leslieh@csgrr.com
5  THOMAS J. O'REARDON II (247952)
   toreardon@csgrr.com
6  655 West Broadway, Suite 1900
   San Diego, CA  92101
7  Telephone:  619/231-1058
   619/231-7423 (fax)
8
   MAGER & GOLDSTEIN LLP
9  JAYNE A. GOLDSTEIN
   jgoldstein@magergoldstein.com
10 1640 Town Center Circle, Suite 216
   Weston, FL  33326
11 Telephone:  954/515-0123
   954/515-0124 (fax)
12
   Attorneys for Plaintiffs
13

14                    UNITED STATES DISTRICT COURT

15                   CENTRAL DISTRICT OF CALIFORNIA

16                          WESTERN DIVISION

17 PATRICIA WIENER and STEVEN R.    )  No. CV-08-00415-SJO(AGRx)
18 BERUBE, On Behalf of Themselves, )
   All Others Similarly Situated and the )  CLASS ACTION
19 General Public,                  )
                                    )  DECLARATION OF THOMAS J.
20                      Plaintiffs, )  O'REARDON II IN SUPPORT OF
                                    )  JOINT STIPULATION REGARDING
21      vs.                         )  PLAINTIFF'S MOTION TO COMPEL
                                    )
22 THE DANNON COMPANY, INC.,        )  Judge:   Hon. Alicia G. Rosenberg
                                    )  Date:    September 16, 2008
23                      Defendant.  )  Time:    10:00 a.m.
   _____  )  Ctrm:    D – 8th Floor
24                                      Discovery Cut-Off:      Dec. 17, 2008
                                        Pre-Trial Conference:  March 9, 2009
25                                      Trial:                 March 17, 2009

26    **EXHIBITS 5, 7, 12-15, 17-18 REDACTED PURSUANT TO PROTECTIVE
         ORDER DATED JULY 14, 2008 AND LOCAL RULE 79-5.1**
27

28

I, THOMAS J. O'REARDON II, declare:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California.  I am an associate with the law firm of Coughlin Stoia Geller Rudman & Robbins LLP, one of the counsel of record for plaintiff in the above-entitled action.  I have personal knowledge of the matters stated and, if called upon, could competently testify to them.

2.      On May 23, 2008, plaintiff served The Dannon Company, Inc. ("Dannon") with her First Request for Production of Documents, First Set of Special Interrogatories and First Set of Requests for Admission.  At Dannon's request, plaintiff agreed to an extension to respond to the discovery to June 30, 2008.

3.      The parties' first meet and confer pursuant to Local Rule 7-3 was held on June 4, 2008.  The June 4, 2008 telephonic meet and confer lasted for approximately two and half hours.  The participants were Timothy Blood and myself for plaintiff and Angel Garganta, Bruce Friedman and Mark Pifko for defendant.  The early meet and confer was necessitated by two events.  First, Dannon had proposed, and plaintiff agreed, to attend mediation on July 14 and 15, 2008.  To prepare for the mediation, plaintiff requested certain information as part of their discovery requests.  Second, Judge Otero has set an aggressive schedule, including setting the due date for motion for class certification for July 28, 2008, setting the discovery cut-off for December 17, 2008, setting the motion cut-off for January 26, 2009, and setting trial to begin March 17, 2009.  With such a schedule, plaintiff knew that she could not delay identifying and resolving discovery disputes.

4.      In the initial discussions, the parties attempted to come to an agreement concerning a "staged" production of documents, whereby production of certain categories of documents (those most needed for mediation and class certification) would be produced by June 30, 2008, and the remaining categories produced by August 15, 2008.  Because Judge Otero had denied Dannon's request to bifurcate "class" and "merits" discovery, absent an agreement, *all* responsive documents were

1  due June 30, 2008.  Ex. 1 (Scheduling Order by Judge Otero dated May 19, 2008)

2  ("The request to bifurcate discovery is denied.").

3      5.    Plaintiff made clear from the beginning that any agreement to stage

4  discovery was contingent upon Dannon agreeing that it would not use any documents

5  to oppose class certification if the documents were responsive to requests for

6  production for which production was not provided on June 30, 2008.  Dannon

7  declined to accept this limitation and, therefore, an agreement to stage document

8  production never occurred.  Without an agreement to stage discovery, responsive

9  documents to each request for production were due on June 30, 2008.

10     6.    On June 11, 2008, Dannon produced one page noting the products' net

11  sales, a CD containing some of the DanActive and Activia television advertisements

12  and approximately 1,000 pages of publicly available studies.  Notably, not all studies

13  it refers to at its website as scientific substantiation were made available to plaintiff.

14  Dannon served its written responses to the discovery on June 30, 2008, but with the

15  exception of a single page, did not produce any documents not publicly available.  On

16  June 30, 2008, Dannon produced documents labeled DAN02-0001063-2730, which

17  consisted of 200 pages of publicly available studies, nine pages of organizational

18  charts dated April 2005 and March 2006, and approximately 1,400 pages of printouts

19  of its webpages from late June 2008.  On July 10 and 11, 2008, Dannon produced

20  documents labeled DAN03 0002731-3890 consisting of less than 10 marketing

21  studies/reports (none of which predate the Activia launch and only one of which

22  predates the nationwide DanActive launch), organizational charts already produced on

23  June 23, 2008, a single draft Activia press release, Better Business Bureau/National

24  Advertising Division reports (but no internal correspondence relating thereto), Federal

25  Trade Commission ("FTC") correspondence (but no internal correspondence relating

26  thereto and not even all documents produced to the FTC), and eight pages of summary

27  sales data (three pages are duplicates) prepared for litigation purposes.  Dannon's

28  subsequent productions to date are 384 pages of publicly available studies labeled

1  DAN04-0003943-4000 and DAN05-0004001-4327.  Since July 31, 2008, no more

2  documents have been provided.

3          7.      Until July 24, 2008, the parties continued to exchange letters discussing

4  the disputed discovery issues.  The correspondence between the parties concerning the

5  discovery requests are attached as Exhibits 3, 11, 19-23.

6          8.      Attached are true and correct copies of Plaintiff's First Set of Request for

7  Production of Documents, Plaintiff's First Set of Special Interrogatories and

8  Plaintiff's First Set of Requests for Admissions.  *See* Exhibits 24-26, respectively.

9          9.      At the mediation on July 14, 2008, in attendance were Group Danone's

10 general counsel and marketing executive.

11         10.     On June 2, 2008, plaintiff sent a subpoena for documents to Tribal DDB

12 Worldwide.  To date, Tribal DDB Worldwide has not produced any documents.

13         11.     Attached are true and correct copies of the following exhibits:

14              Exhibit 1:   Civil Minutes – General, entered May 19, 2008;

15              Exhibit 2:   Civil Minutes – General, entered June 24, 2008;

16              Exhibit 3:   Letter from Gina Simas, dated July 24, 2008;

17              Exhibit 4:   Press Release, Dannon Launches Actimel in Whole

18                           Foods Market, Oct. 28, 2002;

19              Exhibit 5:   Letter from Dannon to the NAD, dated January 14,

20                           2008;

21              Exhibit 6:   Relevant excerpts of Julian Mellentin, *Danone:*

22                           *Putting health at the heart of strategy brings brand*

23                           *success*, New Nutrition Business (June 2007);

24              Exhibit 7:   Letter from Dannon to the National Advertising

25                           Division of the Better Business Bureau ("NAD"),

26                           dated April 20, 2006;

27              Exhibit 8:   JAMS Confidentiality Agreement;

28

- 3 -

1    Exhibit 9:    GROUPE   DANONE   Condensed   Interim
2                  Consolidated Financial Statements for the six-month
3                  period ended June 30, 2008;
4    Exhibit 10:   Relevant excerpts of Group Danone, Annual Report
5                  (Form 20-F) (Apr. 2, 2007);
6    Exhibit 11:   Letter from Leslie E. Hurst, dated July 14, 2008;
7    Exhibit 12:   DAN03-0003712-14;
8    Exhibit 13:   DAN03-0003735-3776;
9    Exhibit 14:   Email correspondence between Tommy O'Reardon
10                 and Mark Pifko, dated July 10-11, 2008;
11   Exhibit 15:   DAN04-0003897-900;
12   Exhibit 16:   FDA letter to Dannon, dated August 26, 1999;
13   Exhibit 17:   DAN01-0000002;
14   Exhibit 18:   DAN03-0003883-3890;
15   Exhibit 19:   Letter from Timothy G. Blood, dated June 10, 2008;
16   Exhibit 20:   Letter from Bruce A. Friedman, dated June 18, 2008;
17   Exhibit 21:   Letter from Timothy G. Blood, dated June 25, 2008;
18   Exhibit 22:   Letter from Gina Simas, dated July 2, 2008;
19   Exhibit 23:   Letter from Timothy G. Blood, dated July 8, 2008;
20   Exhibit 24:   Plaintiff's   First   Request   for   Production   of
21                 Documents, dated May 23, 2008;
22   Exhibit 25:   Plaintiff's First Set of Special Interrogatories, dated
23                 May 23, 2008; and
24
25
26
27
28

1          Exhibit 26:  Plaintiff's First  Set of Requests for Admissions,

2                    dated May 23, 2008.

3         I declare under penalty of perjury under the laws of the State of California that

4    the foregoing is true and correct.  Executed this 13th day of August, 2008, at San

5    Diego, California.

6

7                                                  _____

8                                  THOMAS J. O'REARDON II

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   S:\CasesSD\Dannon\DEC 00053081.doc

- 5 -

1

<u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on August 25, 2008, I electronically filed the foregoing

3  with the Clerk of the Court using the CM/ECF system which will send notification of

4  such filing to the e-mail addresses denoted on the attached Electronic Mail Notice

5  List, and I hereby certify that I have mailed the foregoing document or paper via the

6  United States Postal Service to the non-CM/ECF participants indicated on the attached

7  Manual Notice List.

8       I certify under penalty of perjury under the laws of the United States of America

9  that the foregoing is true and correct.  Executed on August 25, 2008.

10

  s/ Thomas J. O'Reardon II

11              THOMAS J. O'REARDON II

12              COUGHLIN STOIA GELLER
                  RUDMAN & ROBBINS LLP
13              655 West Broadway, Suite 1900
                San Diego, CA  92101-3301
14              Telephone:  619/231-1058
                619/231-7423 (fax)
15

16              E-mail:  toreardon@csgrr.com

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 2:08-cv-00415-SJO-AGR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lee Albert**
  lalbert@magergoldstein.com

- **Timothy G Blood**
  timb@csgrr.com

- **Jonathan W Cuneo**
  jonc@cuneolaw.com

- **Bruce A Friedman**
  bruce.friedman@bingham.com,donna.mcgee@bingham.com

- **Angel A Garganta**
  angel.garganta@aporter.com,cathryn.tully@aporter.com,maryanne.donaldson@aporter.com,kendra.thompson@aporter.com

- **Pamela Gilbert**
  pamelag@cuneolaw.com

- **Jayne A Goldstein**
  jgoldstein@magergoldstein.com

- **Leslie Hurst**
  leslieh@csgrr.com

- **Trenton H Norris**
  trent.norris@aporter.com,delicia.soza@aporter.com

- **Thomas Joseph O'Reardon , II**
  toreardon@csgrr.com

- **David Pastor**
  dpastor@gilmanpastor.com

- **Mark P Pifko**
  mark.pifko@aporter.com,leyla.cambel@aporter.com

- **Gina M Simas**
  gina.simas@bingham.com

- **Jonathan M Stein**
  jstein@csgrr.com,e_file_fl@csgrr.com

- **John J Stoia , Jr**
  johns@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`