# EXHIBIT 24

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR. (141757)
jstoia@csgrr.com
TIMOTHY G. BLOOD (149343)
tblood@csgrr.com
LESLIE E. HURST (178432)
leslieh@csgrr.com
THOMAS J. O'REARDON II (247952)
toreardon@csgrr.com
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

MAGER & GOLDSTEIN LLP
JAYNE A. GOLDSTEIN
jgoldstein@magergoldstein.com
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: 954/515-0123
954/515-0124 (fax)

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATRICIA WIENER, On Behalf of Herself and All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>vs.<br><br>THE DANNON COMPANY, INC.,<br><br>Defendant. | No. CV-08-00415-SJO(AGRx)<br><br>CLASS ACTION<br><br>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

PROPOUNDING PARTY:    Plaintiff Patricia Wiener

RESPONDING PARTY:     Defendant The Dannon Company, Inc.

SET NUMBER:           One

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 34, plaintiff Patricia Wiener hereby requests that defendant The Dannon Company, Inc. produce copies or permit plaintiff to inspect and copy originals of the documents described herein that are in the possession, custody or control of defendant or its officers, agents, employees, attorneys or any and all persons acting in its behalf within 30 days of service of these requests for production. Plaintiff requests that the documents be made available for inspection at the offices of her counsel Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, unless such other date or place is mutually agreed upon by counsel for the parties.

## I. DEFINITIONS

1. "Advertisement" means any promotion, promotional campaign, contest, advertisement or any method by which to promote Dannon.

2. "Affiliate(s)" means any natural person, public or private corporation, general or limited partnership, joint venture, association, government or governmental entity (including any governmental agency or political subdivision of any government), group, form of business or legal organization or arrangement, or other legal entity, including the representatives of any such person or persons with which you are close in connection, allied, associates, attached to as a member or branch, effectively control, or are effectively controlled and/or owned by, dependent and/or rely upon.

3. "Dannon," "you," "your" or "company" shall mean defendant The Dannon Company, Inc., individually or in any combination, and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, parents, and their respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

4. "Document" or "documents" encompasses all forms of tangible expression, including without limitation, all written, recorded, printed, typed,

transcribed, filmed, digitized, or graphic matter and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented, including, but not limited to, books, records, correspondence, reports, memoranda, electronic mail (*i.e.*, "email"), contracts, tables, tabulations, graphs, charts, diagrams, plans, schedules, appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, teletype or telecopy messages, files, telephone logs and messages, checks, microfilms, microfiche, pictures, photographs, printouts, electronic data compilations, tapes, diskettes, drives, removable media, notes, minutes or transcripts of proceedings. Documents shall include originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary into usable form), and any preliminary versions, drafts, or other revisions of any of the foregoing.

5. "Employee(s)" means any person who at any time during the period covered by this Request (whether the person is a current or former employee) acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

6. "Person" or "persons" means natural persons, proprietorships, joint ventures, partnerships, corporations, trusts, groups, associations, organizations, governmental agencies and all other entities.

7. "Products" means Dannon's Activia, Activia Light and DanActive (also known as Actimel) yogurt products.

8. "Revenues" means all monies received, including all compensation, premiums, recompense, reimbursement, restitution, remuneration, commissions and salary.

9. "And" and "or" are to be considered conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. "Or" is understood to include and encompass "and."

10. "Any" is understood to include and encompass "all." The word "all" also includes "each" and vice versa.

## II.   INSTRUCTIONS

1. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

2. Privilege/Redaction Log. If any documents are within the scope of any request for production but are not being produced or are being produced with portions redacted, pursuant to any claim of privilege or confidentiality:

   (a) State the nature of the privilege claimed (*i.e.*, attorney client, work product, etc.);

   (b) State the name of the defendant claiming privilege and the name of the attorney, if any, with respect to whom the privilege is claimed;

   (c) State the facts upon which you rely as the basis for claiming any privilege as to the specific information or document; and

   (d) State the name of such document; identify the type of document (*i.e.*, letter, memo, etc.); set forth the subject matter thereof; identify the person who prepared it and each person (if any) who signed it; identify each person to whom it was directed, circulated or shown; and identify each person now in possession of the document. If any document is produced in redacted form, the word "redacted" is to be placed in the redacted section of the document.

3. All documents shall be produced that respond to any part clause of any paragraph of these requests.

4. The documents to be produced pursuant to these requests specifically embrace, in addition to documents within your possession, custody or control, documents within the possession, custody or control of any of your agents, accountants, representatives or attorneys. Such documents also embrace originals, and identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests.

14. Destruction Log. In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating:

(a) The nature of the document;

(b) Any addressor or addressee;

(c) Any indicated or blind copies;

(d) The document's date, subject matter, number of pages, and attachments or appendices;

(e) All persons to whom the document was distributed, shown or explained;

(f) Its date of destruction or discard, manner of destruction or discard; and

(g) The persons authorizing or carrying out such destruction or discard.

5. The following requests are continuing in nature and in the event you become aware of or acquire additional information relating or referring thereto, such additional information is to be promptly produced.

### III. DOCUMENTS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All documents which you contend support the claims about health benefits made in your advertisements for the products.

- 4 -

REQUEST FOR PRODUCTION NO. 2:

All documents which refer to, discuss or analyze the decision to trademark the name *Bifidus* Regularis™ for *Bifidobacterium animalis* strain DN-173-010 or *L. casei* Immunitas™ for *L. casei* strain DN-114-001.

REQUEST FOR PRODUCTION NO. 3:

All scientific studies and related documents concerning research of probiotic bacteria which you conducted, sponsored, funded (in whole or in part) or participated in.

REQUEST FOR PRODUCTION NO. 4:

All documents which indicate or conclude that any claim made by you about the products is not or may not be substantiated, accurate or true.

REQUEST FOR PRODUCTION NO. 5:

Exemplars of all sales materials, promotional materials and advertisements, including, but not limited to, print, radio and television advertisements, packaging, product labeling and point of sale literature which in anyway refer to, depict and/or discuss the products, including all versions and drafts.

REQUEST FOR PRODUCTION NO. 6:

Exemplars of all packaging, labeling, instructions, package inserts and informational brochures relating to the products, including all versions, drafts and revisions.

REQUEST FOR PRODUCTION NO. 7:

All documents relating to, constituting or comprising substantiation of claims made by you about the products to third parties, including requests by third parties for claims substantiation and your response.

REQUEST FOR PRODUCTION NO. 8:

All documents that evidence, discuss or reflect when and where print, radio or television advertisements relating to the products were disseminated in the United States including, without limitation, media plans.

REQUEST FOR PRODUCTION NO. 9:

All documents which evidence, memorialize, summarize or discuss any decision about how to market or advertise the products in the United States.

REQUEST FOR PRODUCTION NO. 10:

All documents which constitute, evidence, embody, refer to or discuss any focus group report, consumer survey, study, report, poll or any other marketing analysis or research conducted in connection with the promotion, advertising, packaging, labeling, distribution or sale of the products.

REQUEST FOR PRODUCTION NO. 11:

All documents which evidence, reflect or discuss any potential or actual revisions or modifications made in the packaging or advertisement of the products.

REQUEST FOR PRODUCTION NO. 12:

All documents which evidence, reflect or relate to any marketing analysis or surveys which compare on any basis, the products to any other yogurt product, including Dannon's other yogurt products.

REQUEST FOR PRODUCTION NO. 13:

All documents sent to retailers, distributors or healthcare professionals regarding or constituting the promotion, advertisement or sale of the products.

REQUEST FOR PRODUCTION NO. 14:

All organizational charts reflecting your agents or employees whose responsibilities include the marketing, or advertising of the products.

REQUEST FOR PRODUCTION NO. 15:

All documents which constitute an insurance policy or indemnification agreement that may provide coverage to you for any of the claims or causes of action asserted in this action, or that may provide reimbursement for payments made in defense of this action.

REQUEST FOR PRODUCTION NO. 16:

All documents received by you from any health care professional, science-related organization or nutrition-related organization regarding the products, including, but not limited to, letters, correspondence and reports.

REQUEST FOR PRODUCTION NO. 17:

All documents regarding inquiries, referral requests, complaints or communications regarding the products, including any requests relating to the "Activia Two Week Challenge."

REQUEST FOR PRODUCTION NO. 18:

All documents which refer to or discuss any meeting, industry conference or gathering you attended where the products, any other probiotic-infused food products, *Bifidobacterium animalis* strain DN-173-010 (*Bifidus* Regularis™) or *L. casei* strain DN-114-001 (*L. casei* Immunitas™) were discussed.

REQUEST FOR PRODUCTION NO. 19:

All documents concerning payments made to fund, sponsor or otherwise pay for, in whole or in part, research concerning probiotics.

REQUEST FOR PRODUCTION NO. 20:

All documents which refer to or discuss the United States Food and Drug Administration and the advertising, marketing, sale or distribution of the products.

REQUEST FOR PRODUCTION NO. 21:

Copies of each of your individual webpages relating to the products and each individual webpage linked at any time to www.danactive.com or www.activia.us.com.

REQUEST FOR PRODUCTION NO. 22:

All documents which refer to or discuss your decision to include the hyperlink "View List of Peer-Reviewed Scientific Summaries" at www.activia.us.com/healthcare.asp and/or www.danactive.com/danactive_scientific.html.

REQUEST FOR PRODUCTION NO. 23:

All documents which refer to or discuss discontinuing DanActive Light.

**REQUEST FOR PRODUCTION NO. 24:**

All documents which refer to or discuss the "Activia Two Week Challenge."

**REQUEST FOR PRODUCTION NO. 25:**

All documents which refer to or discuss the limited release of DanActive in 2004.

**REQUEST FOR PRODUCTION NO. 26:**

All documents which refer to or discuss supplementing, revising or striking either a question or answer on the "Frequently Asked Questions" section of the products' websites.

**REQUEST FOR PRODUCTION NO. 27:**

All documents summarizing the net sales attributable to the sale of the products in the United States.

**REQUEST FOR PRODUCTION NO. 28:**

All documents summarizing the cost of goods sold attributable to the sale of the products in the United States.

**REQUEST FOR PRODUCTION NO. 29:**

All documents summarizing the advertising and promotional expenses attributable to the sale of the products in the United States.

**REQUEST FOR PRODUCTION NO. 30:**

All documents summarizing the research and development expenses attributable to the sale of the products in the United States.

**REQUEST FOR PRODUCTION NO. 31:**

All documents summarizing the operating income attributable to the sale of the products in the United States.

**REQUEST FOR PRODUCTION NO. 32:**

All documents summarizing the gross margin for the products and all other yogurt products manufactured, sold or licensed for sale by you in the United States from 2000 to the present.

REQUEST FOR PRODUCTION NO. 33:

All documents which reflect, summarize, analyze or discuss the pricing of the products, including wholesale or retail prices.

REQUEST FOR PRODUCTION NO. 34:

All general ledgers, trial balances, monthly, quarterly, semiannual, and annual financial reports reflecting revenues, profits and/or losses from the sale of the products in the United States.

REQUEST FOR PRODUCTION NO. 35:

All documents you sent to, or received from, any accountant or accounting firm, regarding revenues, profits and/or losses from the sale of the products in the United States.

REQUEST FOR PRODUCTION NO. 36:

All documents you prepared regarding revenues, profits and/or losses from the sale of the products in the United States.

REQUEST FOR PRODUCTION NO. 37:

All documents and communications relating to or concerning periodic (annual, monthly, weekly, etc.) financial budgets or plans regarding revenues, profits and/or losses from the sale of the products in the United States.

REQUEST FOR PRODUCTION NO. 38:

All audited financial statements (or portions thereof) regarding revenues, profits and/or losses from the sale of the products in the United States.

1  REQUEST FOR PRODUCTION NO. 39:

2      All audited financial statements (or portions thereof) of Dannon and Danone
3  Group S.A., from 2004 to the present.

4  DATED: May 23, 2008

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II

_____
THOMAS J. O'REARDON II

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
JONATHAN M. STEIN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

MAGER & GOLDSTEIN LLP
JAYNE A. GOLDSTEIN
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: 954/515-0123
954/515-0124 (fax)

MAGER & GOLDSTEIN LLP
LEE ALBERT
1818 Market Street, Suite 3710
Philadelphia, PA 19103
Telephone: 215/640-3280
215/640-3281 (fax)

GILMAN AND PASTOR, LLP
DAVID PASTOR
225 Franklin Street, 16th Floor
Boston, MA 02110
Telephone: 617-742-9700
617/742-9701 (fax)

Attorneys for Plaintiff

S:\CasesSD\Dannon\REQ 00051341.doc

## DECLARATION OF SERVICE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on May 23, 2008, declarant served the **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** via Federal Express Next Day Delivery on the following parties:

| | |
|---|---|
| Angel Garganta<br>Trent Norris<br>Arnold & Porter LLP<br>90 New Montgomery Street<br>Suite 600<br>San Francisco, CA 94105<br>Tel: 415/356-3000 | Bruce A. Friedman<br>Gina M. Simas<br>Mark Pifko<br>Bingham McCutchen LLP<br>1620 26th Street, 4th Floor<br>Santa Monica, CA 90404-4060<br>Tel: 310/907-1000 |

3. That on May 23, 2008, declarant served the **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of May, 2008, at San Diego, California.

_____
JUNE P. ITO

DANNON

Service List - 5/23/2008   (08-0011)

Page 1 of 1

**Counsel For Defendant(s)**

Angel Garganta
Trent Norris
Arnold & Porter LLP **
90 New Montgomery Street, Suite 600
San Francisco, CA 94105
  415/356-3000
  415/356-3099(Fax)

Bruce A. Friedman
Gina M. Simas
Mark Pifko
Bingham McCutchen LLP **
1620 26th Street, 4th Floor
Santa Monica, CA 90404-4060
  310/907-1000
  310/907-2000(Fax)

**Counsel For Plaintiff(s)**

John J. Stoia, Jr.
Timothy G. Blood
Leslie E. Hurst
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
  619/231-1058
  619/231-7423(Fax)

Jonathan M. Stein
Coughlin Stoia Geller Rudman & Robbins LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
  561/750-3000
  561/750-3364(Fax)

David Pastor
Gilman And Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110
  617/742-9700
  617/742-9701(Fax)

Lee Albert
Mager & Goldstein LLP
One Liberty Place
1650 Market Street, 21st Floor
Philadelphia, PA 19103
  215/640-3280
  215/640-3281(Fax)

Jayne Arnold Goldstein
Mager & Goldstein LLP
1640 Town Center Circle, Suite 216
Weston, FL 33326
  954/515-0123
  954/515-0124(Fax)

**Denotes service via Federal Express Next Day Delivery