1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  JOHN J. STOIA, JR. (141757)
   jstoia@csgrr.com
3  TIMOTHY G. BLOOD (149343)
   tblood@csgrr.com
4  LESLIE E. HURST (178432)
   leslieh@csgrr.com
5  THOMAS J. O'REARDON II (247952)
   toreardon@csgrr.com
6  655 West Broadway, Suite 1900
   San Diego, CA  92101
7  Telephone:  619/231-1058
   619/231-7423 (fax)
8
   MAGER & GOLDSTEIN LLP
9  JAYNE A. GOLDSTEIN
   jgoldstein@magergoldstein.com
10 1640 Town Center Circle, Suite 216
   Weston, FL  33326
11 Telephone:  954/515-0123
   954/515-0124 (fax)
12
   Attorneys for Plaintiffs
13
   [Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATRICIA WIENER and STEVEN R. BERUBE, On Behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE DANNON COMPANY, INC.,<br><br>　　　　　　Defendant. | No. CV-08-00415-SJO(AGRx)<br><br>CLASS ACTION<br><br>PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES<br><br>Judge:　Hon. Alicia G. Rosenberg<br>Date:　September 16, 2008<br>Time:　10:00 a.m.<br>Ctrm:　D – 8th Floor<br>Discovery Cut-Off:　Dec. 17, 2008<br>Pre-Trial Conference:　March 9, 2009<br>Trial:　　　　　　　　March 17, 2009 |

**PAGE 2 REDACTED PURSUANT TO PROTECTIVE ORDER DATED JULY 14, 2008 AND LOCAL RULE 79-5.1**

Plaintiff submits this supplemental memorandum in support of her motion to compel defendant The Dannon Company, Inc. ("Dannon") to provide further responses to plaintiff's First Request for Production of Documents ("RFPs") and First Set of Special Interrogatories ("Interrogatories").

## I. INTRODUCTION

Plaintiff sent Dannon its requests on May 23, 2008. The discovery cut-off is December 17, 2008. By its own admission and in breach of its promises to plaintiff, in the three months since it received plaintiff's requests, Dannon has reviewed only eight percent of the documents it believes may be responsive. At this rate, Dannon will only have reviewed 20 percent of these documents before the discovery cutoff. Dannon should be ordered to produce all responsive documents immediately.

As demonstrated below and in the Joint Stipulation Regarding Plaintiff's Motion to Compel Further Responses to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories ("Joint Stipulation"), Dannon's additional reasons for withholding documents are meritless: Dannon has "control" over Groupe Danone documents; the relevant time period is dictated by Dannon's marketing and product launch dates; a privilege log should be produced forthwith; draft sales materials are relevant; and financial information should be produced.

## II. ARGUMENT

### A. Groupe Danone Documents Must Be Produced

Dannon, a wholly owned subsidiary and the United States sales and marketing arm of Group Danone, resists production of admittedly relevant documents on the basis that it does not have "control" of Groupe Danone documents. "Control is defined as the legal right, authority, or ability to obtain documents upon demand." *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J.

1991).[1] In addition to the numerous unrebutted examples of control provided in the Joint Stipulation, Dannon and Groupe Danone's legal teams are jointly working in defense of the litigation. Dannon's counsel regularly copies Groupe Danone personnel on correspondence and email sent to plaintiff's counsel.[2] Ex. 1.[3] Dannon does not dispute that Groupe Danone's executives, including its general counsel, have made litigation decisions in this case, and have attended the parties' mediation sessions. *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 132 (D. Del. 1986).[4]

---

[1] *See also Garrett v. Walker*, No. CIV S-06-1904 RRB EFR P, 2007 WL 3342522 (E.D. Cal. Nov. 9, 2007) (discussing *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470 (D. Nev. 1998) and stating that a party is required to produce documents if it "has the practical ability to obtain the documents from another, irrespective of legal entitlements to the documents.")

[2] All references to "Ex." and "Exs." are to the Declaration of Thomas J. O'Reardon II in Support of Plaintiff's Supplemental Memorandum in Support of Motion to Compel Further Responses to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories, filed concurrently ("O'Reardon Decl.").

[3] "Control" exists if any of the following are present: (1) the subsidiary was an agent of the parent in the transaction giving rise to the lawsuit; (2) the relationship is such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs and documents helpful for use in litigation; (3) there is access to documents when the need arises in the ordinary course of business; or (4) the subsidiary was the marketer of parent's products in the United States. *CMACO Auto. Sys., Inc. v. Wanxiang Am. Corp.*, No. 05-60087, 2007 WL 656893, at *2 (E.D. Mich. Feb. 26, 2007) (citing *Camden Iron and Metal Co., Inc.*, 138 F.R.D. at 441-42). In addition to the facts set forth in the Joint Stipulation, Dannon concedes it has easy access to Group Danone documents. *See Pitney Bowes, Inc. v. Kern Int'l, Inc.*, 239 F.R.D. 62, 68-69 (D. Conn. 2006). Unlike in *Pitney Bowes*, where the parent "always refused to provide" the subsidiary with the requested documents, Dannon admits that all it must do to view Groupe Danone computer systems and electronic data folders is ask for password access. Declaration of Tony Cicio, filed August 28, 2008, ¶5.

[4] As additional examples of the interrelationship between Dannon and Groupe Danone, the Group details Groupe Danone's "focus[] on implementation at subsidiaries of the Group's operating principles and its commitment to transparency." Ex. 2 at 30, 81. Further, Dannon recently produced multiple documents which exhibit joint meetings and decision-making. Ex. 3 ███████. Ex. 4 ███████. ███ Ex. 5 ███████. ███████ Ex. 6.

Defense counsel admits visiting Groupe Danone's French headquarters in connection with the defense of this lawsuit. O'Reardon Decl., ¶2.

Further, Dannon's reliance on the Hague Evidence Convention and French Data Protection Law of 1978 and its claim that Groupe Danone might be subject to a criminal penalty is, even if true, unpersuasive. *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 78 n.4 (D.D.C. 1999) (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204-05, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958)). In *Rogers*, the Supreme Court rejected the argument that "control" under Fed. R. Civ. P. 34 does not exist if the production would be in violation of Swiss criminal laws. *See also In re Grand Jury Proceedings*, 691 F.2d 1384 (11th Cir. 1982).[5] Further, as explained in *McKesson*, the Court in *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987), – a case upon which both parties rely – was concerned with the potential for abusive discovery and "rejected a rule requiring first resort to the discovery procedures of the Hague Convention." *McKesson*, 185 F.R.D. at 79.[6]

Having demonstrated Dannon's Fed. R. Civ. P. 34 control over Group Danone relevant documents, they should be produced forthwith.

**B. Relevant Time Period: Dannon Admits that "the Products Are the Result of Years of Research and Development"**

Despite its defense that "Dannon will show that the Products are the result of years of research and development," it arbitrarily refuses to produce any documents

---

[5] The Supreme Court and subsequent courts also expressly disapprove of giving broad deference to the French Blocking Statute over the Federal Rules. *Rogers*, 357 U.S. at 544-45 n.29; *see also Valois of Am., Inc. v. Risdon Corp.*, 183 F.R.D. 344, 348 (D. Conn. 1997).

[6] *See also Cooper Indus., Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919-20 (S.D.N.Y. 1984). As in *Cooper*, Rule 34, not the Hague Convention, governs plaintiff's demand for documents in the "possession or control" of Dannon. *Id.* Similarly, the production demanded here does not infringe on French sovereignty because the requests call for documents, not a personal appearance. *Id.* at 920.

created before January 2005. *See* Memorandum in Opposition to Plaintiff's Motion for Class Certification, filed August 25, 2008, at 2. Because Dannon intends to disprove plaintiff's claims using "years of research and development," it cannot shield these documents from plaintiff or cry burden when plaintiff asks that they be produced. The relevant time period in this action is logically shaped by the test market dates and research periods of the Products.

### C. Dannon Should Produce Draft Sales Material and Packaging: RFP Nos. 5-6, 11

Dannon stands on its objection that draft sales materials and packaging are not relevant to plaintiff's consumer fraud and express warranty causes of action. Plaintiff alleges that Dannon knew or should have known its representations were false and misleading – an allegation likely to be proven through the use of draft representations. Second Amended Complaint ("SAC"), ¶72. *See also* Joint Stipulation at 32.

### D. Dannon Should Produce Financial Information Requested by RFP Nos. 28, 31-32, 34-39

Despite Judge Otero's express rejection of defendant's argument to bifurcate discovery, and for the very first time, Dannon withholds financial information responsive to Request Nos. 28, 31-32 and 34-39, on the basis that California Civil Code §3295 bars the production absent a court order following a *prima facie* showing that defendant is liable for punitive damages. Having failed to timely raise this objection, Dannon waives it. Further, §3295 ***only*** precludes discovery of financial information for valuation of a punitive damages claim. When financial information is otherwise discoverable, it must be produced. *Rawnsley v. Superior Court*, 183 Cal. App. 3d 86, 91, 227 Cal. Rptr. 806 (1986). Here, plaintiff alleges that Dannon sells the Products at a price premium over other yogurt products based on the false advertising and receives a larger profit as a result. SAC, ¶11. These Requests go to proving these allegations: No. 28 (cost of goods sold); No. 31 (operating income); No. 32 (gross margin); and Nos. 34-39 (revenues, profits and/or losses). Finally, the requested documents are relevant to determine the amount of restitution and

1  disgorgement under plaintiff's Business and Professions Code claims. *See Bank of the*
2  *West v. Superior Court*, 2 Cal. 4th 1254, 1266-71, 10 Cal. Rptr. 2d 538 (1992).

### E. Dannon Must Timely Produce a Privilege Log

Dannon's "agreement" to produce a privilege log once all responsive documents are produced is nonsense. Under Fed. R. Civ. P. 26(b)(5), a privilege log is required when a privilege objection is made, not when a party finishes producing documents. *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005). If the Court finds that Dannon has not waived the privilege – despite that it is now 64 days overdue – it should be ordered to produce one within 10 days and to submit a revised log at the time of any future productions.

## III. CONCLUSION

For the reasons stated above and in their Joint Stipulation, plaintiff respectfully requests that its motion to compel be granted.

DATED: September 2, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II


  s/ Thomas J. O'Reardon II
       THOMAS J. O'REARDON II

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JONATHAN M. STEIN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

|   |   |
|---|---|
| 1 | |
| 2 | MAGER & GOLDSTEIN LLP |
|   | JAYNE A. GOLDSTEIN |
| 3 | 1640 Town Center Circle, Suite 216 |
|   | Weston, FL 33326 |
| 4 | Telephone: 954/515-0123 |
|   | 954/515-0124 (fax) |

MAGER & GOLDSTEIN LLP
JAYNE A. GOLDSTEIN
1640 Town Center Circle, Suite 216
Weston, FL  33326
Telephone:  954/515-0123
954/515-0124 (fax)

GILMAN AND PASTOR, LLP
DAVID PASTOR
225 Franklin Street, 16th Floor
Boston, MA 02110
Telephone: 617-742-9700
617/742-9701 (fax)

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO
PAMELA GILBERT
507 C Street, N.E.
Washington, DC  20002
Telephone:  202/789-3960
202/789-1813 (fax)

Attorneys for Plaintiffs

C:\Program Files\DocsCorp\pdfDocs PDF\users\JuneI\Import\BRF 00053767_Redacted.doc

CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 2, 2008.

     s/ Thomas J. O'Reardon II
     THOMAS J. O'REARDON II

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  toreardon@csgrr.com

## Mailing Information for a Case 2:08-cv-00415-SJO-AGR

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lee Albert**
  lalbert@magergoldstein.com

- **Timothy G Blood**
  timb@csgrr.com

- **Jonathan W Cuneo**
  jonc@cuneolaw.com

- **Bruce A Friedman**
  bruce.friedman@bingham.com,donna.mcgee@bingham.com

- **Angel A Garganta**
  angel.garganta@aporter.com,cathryn.tully@aporter.com,maryanne.donaldson@aporter.com,kendra.thompson@aporter.com

- **Pamela Gilbert**
  pamelag@cuneolaw.com

- **Jayne A Goldstein**
  jgoldstein@magergoldstein.com

- **Leslie Hurst**
  leslieh@csgrr.com

- **Trenton H Norris**
  trent.norris@aporter.com,delicia.soza@aporter.com

- **Thomas Joseph O'Reardon , II**
  toreardon@csgrr.com

- **David Pastor**
  dpastor@gilmanpastor.com

- **Mark P Pifko**
  mark.pifko@aporter.com,leyla.cambel@aporter.com

- **Gina M Simas**
  gina.simas@bingham.com

- **Jonathan M Stein**
  jstein@csgrr.com,e_file_fl@csgrr.com

- **John J Stoia , Jr**
  johns@csgrr.com,e_file_sd@csgrr.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

- 8 -