COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR. (141757)
jstoia@csgrr.com
TIMOTHY G. BLOOD (149343)
tblood@csgrr.com
LESLIE E. HURST (178432)
leslieh@csgrr.com
THOMAS J. O'REARDON II (247952)
toreardon@csgrr.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

MAGER & GOLDSTEIN LLP
JAYNE A. GOLDSTEIN
jgoldstein@magergoldstein.com
1640 Town Center Circle, Suite 216
Weston, FL  33326
Telephone:  954/515-0123
954/515-0124 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATRICIA WIENER and STEVEN R. BERUBE, On Behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE DANNON COMPANY, INC.,<br><br>　　　　　　Defendant. | No. CV-08-00415-SJO(AGRx)<br><br>CLASS ACTION<br><br>REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION<br><br>Judge:　Honorable S. James Otero<br>Date:　　September 22, 2008<br>Time:　　10:00 a.m.<br>Ctrm:　　880 |

## I. Plaintiff Wiener Satisfies Typicality and Adequacy Standards

### A. Wiener's Claims Are Typical of Those of the Class

Dannon's typicality argument draws distinctions where there are no differences. To satisfy typicality's "permissive standards," the plaintiff's claims need merely be "reasonably co-extensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Factual differences do not render a claim atypical if it arises from the same practice or course of conduct, and if it is based on the same legal theory.[1]

Here, Wiener's legal theories are identical to the legal theories advanced on behalf of all Class members, including DanActive purchasers. Dannon does not contest this. Dannon's focus on the particular yogurt product misses the point. The course of conduct at issue is not the product (as it might be in a product liability case), but Dannon's advertising practices. Dannon advertises the products the same way, following the same formula to promote what Dannon calls its "core benefit claims," so its conduct is the same regardless of the product. *See* Freitas Decl., ¶¶3-4.

This case is no different than cases like the recent Business & Prof. Code §17200 case, *Medrazo v. Honda*, 82 Cal. Rptr. 3d 1 (Cal. App. 2 Dist. 2008) (plaintiff purchased 1 make of a motorcycle, but certification as to 3 makes of motorcycle are appropriate because conduct at issue involved how defendant sold the motorcycles). The 3 cases cited by Dannon are readily distinguishable.[2]

---

[1] *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 922 (3d Cir. 1992) (typicality met where no class representative existed for 6 of 21 securities).

[2] *Gonzalez v. Proctor & Gamble Co.*, 247 F.R.D. 616, 622 (S.D. Cal. 2007) (plaintiff had not purchased any of the products at issue); *Lewis Tree Serv., Inc. v. Lucent Tech. Inc.*, 211 F.R.D. 228, 233-34 (S.D.N.Y. 2002) (plaintiff purchased 2 of over 60 products but did not allege class members purchased under similar circumstances, and claims subject to different sales contracts, contract defenses, individualized representations and negotiations, and required application of laws of 50 states); *Kaczmarek v. IBM Corp.*, 186 F.R.D. 307, 312-13 (S.D.N.Y. 1999) (class of 115 different models of IBM computers carrying different representations and

### B. Wiener Is an Adequate Class Representative

For Dannon's attack on adequacy, it grossly misstates the facts and the testimony. "'The threshold of knowledge required to qualify a class representative is low'" *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, (N.D. Cal. 2004);[3] *see also Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001). A review of the actual evidence demonstrates that Wiener far exceeds this minimal requirement. *See* Supp. Blood Decl., ¶¶8-10.

Rather than a "lawyer-driven litigation," Wiener retained her counsel months before any complaint was filed after learning she had been duped, which she learned during an everyday encounter with her neighbor's mother, Jayne Goldstein. Wiener told Goldstein that she wanted to pursue a class action.[4] Ex. B at 32:8-23, 96:12-97:9, 98:14-99:3, 103:7-21.[5]

### II. Wiener Satisfies the Predominance and Superiority Requirements

Dannon does not seriously dispute that the truthfulness of the core benefit claims can be evaluated through existing medical research studies. *See* Freitas Decl. Liability turns on whether this closed universe of evidence substantiates Dannon's claims.[6]

---

warranties, represented by plaintiffs who altered or misused their computers, and laws of 50 states would be applied).

[3] Citations are omitted and emphasis is added, unless otherwise noted.

[4] All "Ex(s)." references are to the supplemental declaration of Timothy G. Blood, filed concurrently.

[5] Dannon's cursory standing argument is meritless. Dannon does not argue Wiener has not suffered injury, but instead focuses on whether DanActive was purchased. But the issue is that DanActive is falsely advertised in the same way as Activia. Therefore, Wiener may represent all Class members. *In re Textainer P'ship Sec. Litig.*, No. 05-0969, MMC 2005 WL 3801596, at *10 (N.D. Cal. Dec. 12, 2005) (citing *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 463-64 (9th Cir. 1973); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Medrazo*, 82 Cal. Rptr. 3d at 2-7. In the event Wiener is found to be inadequate or her claims atypical, plaintiff requests leave to substitute a new class representative. *Nat'l Fed'n of Blind v. Target Corp.*, No. 06-1802 MHP, 2007 WL 2846462, at *14 (N.D. Cal. Oct. 2, 2007).

[6] Even the studies Dannon submits do not provide any support. *See* Ex. A. The report by the industry-run NAD does not help Dannon. The strained analysis avoids

### A. Reliance, to the Extent Required, Can Be Established with Classwide Evidence

There is no dispute that Wiener relied on the advertisements. Ex. B at 76:4-12, 78:10-13; Wiener Decl., ¶¶3-7. For absent class members, reliance is not required under the UCL. *Mass. Mut. Life Ins. Co. v. Super. Ct.*, 97 Cal. App. 4th 1282, 1289 (2002). Proposition 64 did not change any aspect of the UCL for anyone except the named plaintiff. *Cal. for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th 223, 232-33 (2006); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1138 (C.D. Cal. 2005).[7]

To the extent reliance is an issue, it can be proven or disproven on a classwide basis using widely accepted marketing research techniques as the submissions of both parties' experts claim. The representations at issue are identical, right down to Dannon's coupons. Under California law, this permits reliance to be proven. *Vasquez v. Super. Ct.*, 4 Cal. 3d 800, 814-15 (1971). The misrepresentation need not be the sole reason for the action, but merely a substantial factor. *Id.* at 814 n.9. Dannon's primary authority on this point is an uncitable California appellate decision. *See* C.R.C. 8.1115(a). Dannon's expert demonstrates how this issue can be analyzed on a class issue while stripping the most favorable data from his analysis.[8] Here, the relevant point, to which both parties subscribe, is that the issue of materiality and reliance can be proven or disproven using common evidence. If there are any unique exceptions, the proper procedure is to adjudicate those after the class trial. *Arthur Young & Co. v. U.S.D.C.*, 549 F.2d 686, 696 (1977).

---

the core benefit claim. The fact that it was done demonstrates that these issues can be examined on a classwide basis.

[7] This issue is presently before the California Supreme Court, after a California Court of Appeal held otherwise. *In re Tobacco II Cases*, 51 Cal. Rptr. 3d 707 (2006).

[8] Other courts have raised serious questions about Dannon's expert. *See generally* Supp. Scott Decl.; *see also Medi-Flex, Inc. v. Nice-Pak Prods., Inc.*, 422 F. Supp. 2d 1242, 1246 (D. Kan. 2006); *Van Well Nursery, Inc. v. Mony Life Ins. Co.*, 421 F. Supp. 2d 1321, 1330-31 (E.D. Wash. 2006); *Tiger Direct, Inc. v. Apple Comp., Inc.*, No. 05-21136, CIVLENARD 2005 WL 1458046, at *5 n.21 (S.D. Fla. May 11, 2005); *O'Grady v. Twentieth Century Fox Film Corp.*, No. 5:02CV173, 2003 WL 24174616, at *11-*12 (E.D. Tex. Dec. 19, 2003).

1  Common sense and Dannon's own market research shows that customers pay a
2  premium for the products because they believe Dannon's core benefit claim.  Ex. D
3  (message the "primary reason for consumption"); Ex. E;[9] Supp. Scott Decl., ¶¶7, 25-26.

### B. The Existence of Damages Is a Predominate Question

Many of Dannon's restitution and damage arguments are based on the incorrect assumption that Class members are merely entitled to the difference in purchase price between regular yogurt and its falsely advertised yogurt.  While this is one measure, the return of the full purchase price is another.  *F.T.C. v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993); *Fletcher v. Sec. Pac. Nat'l Bank*, 23 Cal. 3d 442, 450-51 (1979).[10] Either way, damages can be adjudicated in a class setting as they are in other cases.

Dannon's interest in restitution or damages is not in individual amounts, but is in the total aggregate award against it. *Hilao v. Estate of Marcos*, 103 F.3d 767, 786-87 (9th Cir. 1996).  The total amount can be calculated from Dannon's own records and retail price surveys (which it has yet to produce) or, if necessary, derived from Dannon's gross revenues – a very conservative measure.  Gross revenues between the subject products and Dannon's other similar yogurt products can also be used to calculate price differentials.  Once an aggregate fund is calculated, distributing such a fund is a routine matter.  *See* Keough Decl., ¶12.  Variations in damages do not defeat predominance.  *Culinary/Bartender Trust Fund*, 244 F.3d at 1163; *Blackie v. Barack*, 524 F.2d 891, 905 (9th Cir. 1975).

---

[9] Dannon has withheld some 90% of the discovery requested in this case, despite promises to timely produce it.  *See* Supp. Blood Decl., ¶7.  Although ample evidence has been submitted to certify this action, should the Court be persuaded by Dannon's factual musings, it should first permit plaintiff to complete the discovery Dannon promised and was obligated to produce.  *Doninger v. Pac. NW Bell, Inc.*, 564 F.2d 1304, 1312-13 (9th Cir. 1977).

[10] Dannon cites three cases for the obvious proposition that damages must exist, but these cases do not provide any rationale why the existence of damages in this case would defeat certification.  *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731-32 (9th Cir. 2007); *Chavez v. Blue Sky Natural Beverage Co.*, 503 F. Supp. 2d 1370, 1373 (N.D. Cal. 2007); *Rodarte v. Philip Morris, Inc.*, No. 03-0353 FMC (CTx), 2003 U.S. Dist. LEXIS 25067, at *7 (C.D. Cal. June 23, 2003).

### C. A Class Action Is a Superior Method of Adjudication

Focusing on just one of four superiority factors, Dannon argues a class action is not superior because purchasers do not keep their receipts, making their identification "unmanageable." Class members will come forward and claim class membership and amount after the aggregate monetary award is calculated with claims forms, a common method. *See, e.g., Hilao*, 103 F.3d at 786-87; *Medrazo*, 82 Cal. Rptr. 3d at 9-10; Newberg, §10:12 at 508 ("A simple statement or affidavit may be sufficient where claims are small . . . ."). Keough Decl., ¶¶5, 7-8, 12.[11] The logical extension of Dannon's manageability argument is that in a case of cash purchases, class treatment is never appropriate. This has no support. *Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997); *Daar v. Yellow Cab Co.*, 67 Cal. 2d 695 (1967); Newberg, §4:40 at 321 n.2.

### III. Conclusion

For the reasons presented, this action should be certified as a class action.

DATED: September 15, 2008              Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II

                s/ Timothy G. Blood

---

[11] Dannon cites a single district court opinion in support of its argument that claim forms cannot be used to establish class membership. Def's Mem. at 19-20. *In re PPA Prods. Liab. Litig.*, 214 F.R.D. 614 (W.D. Wash. 2003) announced no such blanket rules. In *PPA*, class members had no realistic way to determine class membership because they would have been required to know whether the many different products at issue contained a particular ingredient, among other problems. Some had the ingredient, while others, even of the same brand, did not. Additionally, class members were required to know the expiration dates of the medicine they likely no longer had, which obviously is not possible. Purchase receipts, even if retained, would not have listed the ingredients. *Id.* at 619.
The evidence Dannon submits confirms that individual Class members are able to accurately recall purchasing the Products. Gelb Declaration, ¶18.
The Court has many management tools available to address distribution issues. *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 141 (2d Cir. 2001); *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1190-93 (9th Cir. 2007) (discussing *Hilao*, 103 F.3d 767).

| | |
|---|---|
| 1 | TIMOTHY G. BLOOD |
| 2 | 655 West Broadway, Suite 1900 |
| | San Diego, CA 92101 |
| 3 | Telephone: 619/231-1058 |
| | 619/231-7423 (fax) |
| 4 | |
| | COUGHLIN STOIA GELLER |
| 5 |   RUDMAN & ROBBINS LLP |
| | JONATHAN M. STEIN |
| 6 | 120 East Palmetto Park Road, Suite 500 |
| | Boca Raton, FL 33432 |
| 7 | Telephone: 561/750-3000 |
| | 561/750-3364 (fax) |
| 8 | |
| | MAGER & GOLDSTEIN LLP |
| 9 | JAYNE A. GOLDSTEIN |
| | 1640 Town Center Circle, Suite 216 |
| 10 | Weston, FL 33326 |
| | Telephone: 954/515-0123 |
| 11 | 954/515-0124 (fax) |
| 12 | GILMAN AND PASTOR, LLP |
| | DAVID PASTOR |
| 13 | 225 Franklin Street, 16th Floor |
| | Boston, MA 02110 |
| 14 | Telephone: 617-742-9700 |
| | 617/742-9701 (fax) |
| 15 | |
| | CUNEO GILBERT & LaDUCA, L.L.P. |
| 16 | JONATHAN W. CUNEO |
| | PAMELA GILBERT |
| 17 | 507 C Street, N.E. |
| | Washington, DC 20002 |
| 18 | Telephone: 202/789-3960 |
| | 202/789-1813 (fax) |
| 19 | |
| | Attorneys for Plaintiffs |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | C:\Program Files\DocsCorp\pdfDocs PDF\users\JuneI\Import\BRF 00054105.doc |

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 15, 2008.

   s/ Timothy G. Blood
TIMOTHY G. BLOOD

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  timb@csgrr.com

# Mailing Information for a Case 2:08-cv-00415-SJO-AGR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lee Albert**
  lalbert@magergoldstein.com

- **Timothy G Blood**
  timb@csgrr.com

- **Jonathan W Cuneo**
  jonc@cuneolaw.com

- **Bruce A Friedman**
  bruce.friedman@bingham.com,donna.mcgee@bingham.com

- **Angel A Garganta**
  angel.garganta@aporter.com,cathryn.tully@aporter.com,maryanne.donaldson@aporter.com,kendra.tho

- **Pamela Gilbert**
  pamelag@cuneolaw.com

- **Jayne A Goldstein**
  jgoldstein@magergoldstein.com

- **Leslie Hurst**
  leslieh@csgrr.com

- **Trenton H Norris**
  trent.norris@aporter.com,delicia.soza@aporter.com

- **Thomas Joseph O'Reardon , II**
  toreardon@csgrr.com

- **David Pastor**
  dpastor@gilmanpastor.com

- **Mark P Pifko**
  mark.pifko@aporter.com,leyla.cambel@aporter.com

- **Gina M Simas**
  gina.simas@bingham.com

- **Jonathan M Stein**
  jstein@csgrr.com,e_file_fl@csgrr.com

- 8 -

- **John J Stoia , Jr**
  johns@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`